Phillip W. FOSBERRY, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–17747.

Court of Criminal Appeals of Oklahoma.

April 25, 1973.

Jay D. Jones, Duncan, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

## OPINION

BLISS, Presiding Judge:

Appellant, Phillip W. Fosberry, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Stephens County, Case No. CRF–71–104, for the crime of Sale of Marihuana. He was sentenced to serve a term of five (5) years in the state penitentiary in accordance with the verdict of the jury, and a timely appeal has been perfected to this Court.

During the trial, Ernest Lovett testified that he was an agent with the Oklahoma Bureau of Investigation and that on the night of April 13, 1971, he and the Sheriff of Stephens County, Marshall Thomas, were surveilling Joe's Apco Cafe at Duncan, Oklahoma. Two undercover agents, Carl Holler and John Mincks, were also involved that night. The witnesses stated that he and Sheriff Thomas were observing from their car parked across the street from the building in question when the two undercover agents arrived in Agent Holler's car. Agent Mincks entered the cafe while Holler remained in his car. Mincks and defendant subsequently exited from the building and had a short conversation, after which they returned to the cafe. The witness stated that after approximately ten minutes the defendant and Mincks came out of the building and went directly to Holler's car. The defendant entered the car for a short period of time, then went to his car, which was parked nearby, and then returned to Agent Holler's automobile.

The witness then testified to observing, through binoculars, Agent Holler giving the defendant a bill. Immediately thereafter, defendant left Holler's car and returned to the cafe. The witness stated that he subsequently joined the two agents in their car and was given the "baggie" of marihuana, allegedly purchased from the defendant.

John Mincks testified that he was standing beside Carl Holler's car and observed Holler give the defendant a ten dollar bill and the defendant gave Holler a "baggie" of marihuana.

Carl Holler testified that he gave the defendant a ten dollar bill and defendant in turn handed him three "baggies" of marihuana of which he selected one and returned the other two to the defendant, after which the defendant left his car.

William Caveny testified to being a chemist for the Oklahoma State Bureau of Investigation. He stated that he ran a laboratory analysis on the material submitted to him from Agent Lovett and that it contained cannabis sativa, commonly called marihuana.

Marshall Thomas testified to being the Sheriff of Stephens County, and that he participated in the surveillance on the night in question. His testimony was in substantial harmony with that of Agent Lovett. Additionally he stated that after leaving Lovett's company that night he joined R. V. Buckmaster and that the two of them had an occasion to see the defendant later in the evening.

The defendant first testified in his own behalf. He stated that he knew John Mincks and Carl Holler and that on several occasions they had smoked marihuana together and that on each occasion they exhorted him to purchase some marihuana the first chance he got. He stated that on the night in question he had heard that Holler was an informer and after finding out that Holler was outside the cafe, he entered Holler's car and had a discussion with him. He stated that he left the car momentarily to get cigarettes from his car and then returned to Holler's car, finished the discussion, put the cigarettes back in his car and then returned to the cafe. Defendant denied receiving a ten dollar bill from Holler or selling him any marihuana in his car on April 13.

Terry Lee Gillespie testified for the defense that he was standing outside the car while the defendant and Holler were talking and that he did not see Holler give the defendant any money nor did defendant have any marihuana.

The State, on rebuttal, called John Mincks. He admitted smoking marihuana with the defendant at his house on one occasion but he stated that the defendant had brought it with him.

Carl Holler was next called by the State. He denied ever having smoked marihuana with the defendant and also stated that the defendant had cigarettes on his person all the while the defendant was in his car.

Marshall Thomas was next called for rebuttal. He stated that after leaving the company of Ernest Lovett on the night in question, he joined Deputy R. V. Buckmaster and the two of them subsequently stopped the defendant's car after he had left the cafe. He testified that a search of the automobile disclosed two "baggies" of marihuana.

The defendant testified on surrebuttal that the marihuana in his car belonged to John Mincks and had been placed there by Mincks on an earlier occasion.

The defendant asserts numerous propositions of error, only three of which merit any attention.

■ Defendant asserts error of the court for failure to suppress evidence which he claims was illegally obtained. Defendant refers to testimony of Sheriff Thomas on rebuttal to the effect of having found marihuana in defendant's car during the subsequent arrest. We do not deem it necessary to reach the question as to the legality of the subsequent arrest and search inasmuch as defendant was charged with Sale of Marihuana and not Possession. Additionally, we note that the defendant on cross-examination by the State emphatically denied having any marihuana in his car that night. Hence, Sheriff Thomas' testimony merely went to defendant's credibility as a witness and not to the admissibility of the evidence, whether illegally seized or not. See Trowbridge v. State, Okl.Cr., 502 P.2d 495.

Defendant asserts error of the trial court for failing to give a requested instruction. Defendant's requested instruction dealt with entrapment and was properly refused. On cross-examination of the defendant by the State, the following testimony was given:

"Q. But you didn't sell any marihuana that night, is that right?

"A. That's right.

   *     *     *     *     *     *

"Q. So you weren't entrapped into buying anything, were you?

"A. No, sir.

"Q. Or selling anything?

"A. I wasn't entrapped into selling anything."

■ Since entrapment was not an element of the defense, such an improper instruction was correctly refused. In Wilson v. State, 28 Okl.Cr. 102, 228 P. 1108 (1924), we stated: Where approved instructions as a whole cover the law of the case, the refusal of incorrect and inapplicable requested instructions is not reversible error.

■■ Defendant's final proposition asserts error of the court for refusing to allow the jury to return to the courtroom to have testimony read back to them. The record reflects that the jury sent the following question to the judge: "Did Mincks smoke marihuana with the defendant?". To which the judge replied, "You, the jury, heard the testimony of the witness and the court cannot answer any question of fact." This reply was agreed to by both the State and the defendant. This Court held in Lovelady v. State, Okl. Cr., 478 P.2d 983 (1970), that whether or not jury's request to have testimony read to them will be granted is a matter of discretion for the trial court, although exercise of such discretion is subject to review. We are of the opinion that the trial court properly exercised its discretion in refusing defendant's request to have the jury rehear the testimony in question. We note that the jury simply asked a question and did not request to hear testimony. Additionally, no further request was made either as to questions or testimony. Also, as noted above, defense counsel was present and consented to the judge's refusal to answer the question.

For all of the above and foregoing reasons, we are of the opinion that the judgment and sentence appealed from should be, and the same is hereby, affirmed.

BUSSEY, J., concurs.

BRETT, J., not participating.