**Wilburn Rollo MANSFIELD, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–76–324.**

Court of Criminal Appeals of Oklahoma.

Nov. 10, 1976.

Terry L. Meltzer, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Wilburn Rollo Mansfield, hereinafter referred to as defendant, was

charged, tried and convicted in the District Court, Okmulgee County, Case No. CRF–75–8, for the offense of Burglary in the Second Degree, After Former Conviction of a Felony, in violation of 21 O.S.1971, § 1435. In a bifurcated proceeding, the trial court sentenced the defendant, pursuant to the guilty verdict, to a term of thirty (30) years' imprisonment. From said judgment and sentence a timely appeal has been perfected to this Court.

The State's first witness was Mrs. Tom Howard. Mrs. Howard testified that she owned and lived in a commercial building near Taylor's Drug Store in Henryetta, Oklahoma. She further testified that between 10:30 and 11:00 p.m. on February 28, 1975, she heard footsteps on the building above her living quarters. She called the police.

The State's next witness was Terry Mordecai, a Security Policeman, who was hired to patrol the business district of Henryetta, Oklahoma. Mr. Mordecai testified that he assisted the Henryetta Police Department and was riding in a patrol car with Officer Larry Jobe on February 28, 1975, when they received a call that there was a prowler in the Duke Hotel Building in Henryetta, Oklahoma. The call was taken at approximately 10:30 p.m. Mr. Mordecai and Mr. Jobe drove to the scene and observed defendant and another man in the alley bordering the Duke Hotel Building and Taylor Drug Store. He further testified that the defendant and the other man ran down the alley. The officers apprehended the suspects. The suspects were wearing gloves, and defendant's companion possessed a box which contained drugs and a bag which contained money.

The State's next witness was Larry Jobe, a Henryetta Policeman, who testimony substantially corroborated that given by Mr. Mordecai.

The State's next witness was Richard Liles, Assistant Police Chief of the Henryetta Police Department. He testified that he assisted officers Mordecai and Jobe in apprehending the defendant and his companion. He further testified that two days after the defendant was arrested he came to the police station to claim his car. Mr. Liles drove the defendant to his car, which was found parked three blocks from the scene of the crime.

The State next called Richard Larney, the Henryetta Chief of Police, to testify. Chief Larney testified that after defendant and his companion were apprehended he called Owen Taylor, the owner of Taylor's Drug Store, and told him that there was a possibility that his store had been burglarized. Owen Taylor met Chief Larney at the store, whereupon they discovered evidence of a forced entry through the roof. They also discovered that the safe in the store, which had contained drugs, had been forced open and was empty. There were several tools found laying on the floor near the safe.

The State's next witness was Owen Taylor. Mr. Taylor testified that on the night of February 28, 1975, Chief Larney called him and explained that there was a possibility that his store had been burglarized. He went to the store and discovered that narcotics and approximately $1,700 to $1,800 had been take from his store. Mr. Taylor identified the drugs and the bank bag containing money, which were found in the possession of the defendant and his companion, as the same items which had been taken from his store. After Mr. Taylor testified, the State rested its case.

The defendant then testified in his own behalf. He denied that he committed the crime. On cross-examination it was revealed that the defendant had two previous convictions for armed robbery and had met his co-defendant within the last ten years while they were both inmates at the Oklahoma State Penitentiary in McAlester, Oklahoma. The defendant rested his case. After two rebuttal witnesses testified, the jury retired to deliberate.

The defendant's first assignment of error is that the evidence was not suffi-

cient to sustain the verdict. It is a well established rule that where evidence from which the jury may reasonably and logically find the defendant guilty is presented, the weight, credibility, and probative effect of such evidence is for the jury, and this Court will not disturb the verdict for insufficiency of evidence. See, *Hunter v. State*, Okl.Cr., 478 P.2d 1001 (1970), and *Box v. State*, Okl.Cr., 505 P.2d 995 (1973). The record reveals sufficient evidence to support the verdict of the jury. Therefore, this assignment of error is without merit.

■ The second assignment of error is that the trial court committed reversible error in permitting the prosecuting attorney to mention the defendant's previous convictions during the closing argument in the first stage of the trial in such a way as to inflame the jury. In the closing argument the prosecuting attorney did refer to prior convictions. The fact of the prior convictions was verified by the defendant on cross-examination, and subsequent comment by the assistant district attorney was a permissible comment upon the evidence. We refer to the long standing rule of this Court set forth in *Battle v. State*, Okl.Cr., 478 P.2d 1005 (1970), quoting from *Harvell v. State*, Okl.Cr., 395 P.2d 331 (1964), as follows:

" 'The right of argument contemplates a liberal freedom of speech, and the range of discussion, illustration and argumentation is wide. Counsel for both the State and the defendant have a right to discuss fully from their standpoints the evidence and the inferences and deductions arising therefrom.

" 'It is only when argument by counsel of the State is grossly improper and unwarranted upon some point which may have affected defendant's rights that a reversal can be based on improper argument.' "

It is also important to note that when the court overruled the defendant's objection to the statements made by the prose-

cuting attorney he referred to Instruction No. 6, which was to the effect that prior convictions are not permissible to impeach the credibility of the defendant as witness. See, *McVey v. State*, Okl.Cr., 541 P.2d 273 (1975), in which we held that the reference by the prosecutor to the defendant's prior felony convictions was not prejudicial where the court instructed the jury that evidence of previous unrelated convictions can only be considered for the purpose of affecting the credibility of the witness.

The record clearly reveals that the prosecuting attorney's remarks did not constitute reversible error. Accordingly, the second assignment of error is without merit.

■ The final assignment of error is that the trial court committed reversible error in denying the defendant his right to a preliminary hearing. The only case which the defendant cites in support of this proposition is *Blake v. State*, Okl.Cr., 375 P.2d 270 (1962). In this case we stated in paragraph 3 of the Syllabus that:

"Where a defendant voluntarily enters a plea of guilty, or enters a plea of not guilty, and goes to trial, he will be deemed to have waived any right he may have had to question the fact that he did not have a preliminary examination, or that the transcript filed by the committing magistrate in the district court is insufficient."

Oklahoma cases uniformly hold that where a defendant voluntarily enters a plea of not guilty and proceeds to trial he is deemed to have waived his right to a preliminary hearing. See, *Pettigrew v. State*, Okl.Cr., 430 P.2d 808 (1967); *Tuggle v. Page*, Okl.Cr., 427 P.2d 439 (1967), and *Hambrick v. State*, Okl.Cr., 535 P.2d 703 (1975). It is clear from the record that the defendant pleaded not guilty and waived his right to a preliminary hearing. On September 18, 1975, the defendant was arraigned. When the Judge asked him if he waived his right to a preliminary hearing, he gave an affirmative reply. He also

waived the reading of the information, entered a plea of not guilty, and announced ready for trial.

■ The defendant further argues that it was an infringement upon his right to due process of law to infer a waiver of the right to a preliminary hearing when he was never advised of his right to have a preliminary hearing. The defendant cites no authority in support of this argument. When this is not done, and the defendant has been deprived of no fundamental right, this Court will not search the books for authorities to show that the trial court erred. See, *Sandefur v. State,* Okl.Cr., 461 P.2d 954 (1969). We conclude that the defendant waived his right to a preliminary hearing. Therefore, this assignment of error is without merit.

For the above and foregoing reasons, the judgment and sentence appealed from is, accordingly, AFFIRMED.

BRETT, P. J., and BLISS, J., concur.