Tom Lee **KIRK**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. M–76–686.

Court of Criminal Appeals of Oklahoma.

March 7, 1977.

Red Ivy, Chickasha, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Micheal Darrah, Legal Intern, for appellee.

## OPINION

BRETT, Judge.

Appellant, Tom Lee Kirk, hereinafter referred to as defendant, was charged with the offense of Assault and Battery Upon a Police Officer, in violation of 21 O.S.1971, § 649. He was tried and convicted in the District Court, Grady County, Case No. CRM–75–440. Pursuant to the jury's verdict, the defendant was assessed a fine of Five Hundred ($500.00) Dollars. From said judgment and sentence the defendant brings this timely appeal.

The evidence adduced at trial is as follows. Testifying for the State, Danny Sterling, a police officer for the Chickasha Police Department, testified that he received a call to investigate a disturbance at the defendant's residence. He went to the defendant's house and looking through a window he could see the defendant kicking another man in the head. Officer Sterling entered the house and ordered the defendant to stop. The defendant then cursed Officer Sterling, took a swing at him, and a fight ensued. The defendant was subdued and taken into custody when another officer, Captain Steve Ray, came to the aid of Officer Sterling. The defendant appeared to be intoxicated. Officer Sterling further testified that he was dressed in his uniform, had his badge attached to his shirt, and was wearing a gun. He then stated that the defendant had seen him several times in the past and could see him clearly this time as the house was well-lighted.

The State then rested, and the defendant's motion for a directed verdict, motion to suppress, and demurrer to the State's evidence were overruled.

The defendant testified in his own behalf, stating he had been driving a truck for an extended period of time before coming home to find a party at his house. The defendant had a few drinks and then went to sleep. When awakened he was told that one of the men at the party had beaten his wife. He then proceeded to fight with this man until the police arrived. He said he might have taken a swing at one of the police officers, but that he did not stop to think about whether the men were policemen because he was so angry. He also said his son had gone to the neighbor's house to ask them to summon the police.

The defendant's wife, Margaret Kirk, testified that she had been attacked by one of the men at the party. Following this testimony, the defense rested.

The defendant's first assignment of error is that the arresting officer trespassed on the defendant's property, and thus did not have any authority to arrest the defendant. The facts do not support this contention. Officer Sterling had received a call, requesting him to go to the defendant's house to investigate a disturbance. According to the defendant's own testimony, it

was his son who asked the neighbors to call the police. When Officer Sterling arrived at the defendant's house he saw the defendant in the process of attacking a man. Thus, it is evidence that a public offense was committed in his presence. In 22 O.S. Supp.1975, § 196, it is provided that:

"A police officer may, without a warrant, arrest a person:

"1. For a public offense, committed or attempted in his presence."

The police officer had clear statutory authority to effect the arrest. Therefore, the arrest was valid.

The defendant's second assignment of error is that the trial court erred in overruling the defendant's motion for a mistrial on the grounds that the prosecutor's closing remarks were prejudicial.[1] We disagree. This Court enunciated the standard with regard to argument of counsel in *Harvell v. State*, Okl.Cr., 395 P.2d 331 (1964), wherein we stated:

"The right of argument contemplates a liberal freedom of speech, and the range of discussion, illustration and argumentation is wide. Counsel for both the State and the defendant have a right to discuss

---

1. The remarks of which defendant complains are found on pages 45 through 47 of the transcript of trial and are as follows:

"[MR. CHAFFIN:] . . . What you have is a group of drunks at 3:00 in the morning causing a disturbance with a police officer going to answer that call and being attacked. That is basically what you have. The police department protects you people. It protects me and it protects society. They back you people up—
MR. IVY: Your Honor, I want to object.
"(Out of hearing of jury)
"MR. IVY: That is putting an unfair burden on the defendant and it is an unfair argument when he says the police back up society and protect society. It is unfair and it is prejudicial.
"THE COURT: Sustained.
"(In hearing of the jury)
"MR. CHAFFIN: The police department protects you people and I am going to ask you to protect them.
"MR. IVY: I am going to object again, your Honor.
"(Out of hearing of jury)
"MR. IVY: I am now going to move for a mistrial because of the prejudicial argument.
"THE COURT: I will sustain the objection to that line of argument.
"MR. IVY: I move the jury be admonished to disregard that.
"(In hearing of the jury)
"THE COURT: Ladies and gentlemen of the jury, you are admonished to disregard any argument made by either counsel that goes beyond the evidence in this case. The evidence before you is as to what happened in this case at this time and that is what you are to make your decision on and not any other incident or any other time. The only thing you are to consider are the facts and circumstances of this case.
"(Out of hearing of the jury)

"MR. IVY: I now move for a mistrial.
"THE COURT: Overruled and exceptions allowed.
"(In hearing of jury)
"MR. CHAFFIN: Ladies and gentlemen, the defendant in this case can get up to six months in the county jail and be fined up to $500.00. I am not asking you people to send anyone to jail for six months and I am not asking you to fine anyone. I am just asking you to come back and do justice. You do what your heart and conscious tells you to do, but come back with a guilty verdict. I have done my duty in this case and the police have done their duty. All I am asking you people to do is your duty. Thank you.
"THE COURT: Will the bailiff come forward.
"(Swearing of the bailiff)
"THE COURT: Ladies and gentlemen of the jury, you will go with the bailiff. He will conduct you to the jury room for you to begin your deliberations.
"(Jury removed from courtroom)
"MR. IVY: Comes now the defendant and moves for a mistrial because of the last remark made by the District Attorney wherein he said he had done his duty, the police had done their duty and now it was time for the jury to do their duty. He was making a strong inference that they won't do their duty unless they find this man guilty.
"THE COURT: Overruled.
"MR. IVY: Comes now the defendant and moves for a mistrial because of the improper—renews his motion for mistrial because of the improper and prejudicial closing argument of the District Attorney.
"THE COURT: Overruled and exceptions allowed."

fully from their standpoints the evidence and the inferences and deductions arising therefrom. It is only when argument by counsel for the State is grossly improper and unwarranted upon some point which may have affected defendant's rights that a reversal can be based on improper argument. . . ." (Citations omitted)

We have carefully examined the record and find that the remarks by the prosecutor were not so grossly improper so as to have affected the defendant's rights. Where the proof of the defendant's guilt is overwhelming, as it was in this case, and the record does not indicate that the remarks substantially affected the jury's finding, there is no reversible error. See, *Severs v. State*, Okl. Cr., 477 P.2d 695 (1970), and *Hux v. State*, Okl.Cr., 554 P.2d 82 (1976).

We further observe that at one point the court, at the request of the defense counsel, admonished the jury to disregard any argument going beyond evidence in the case. This Court stated in *Kitchens v. State*, Okl. Cr., 513 P.2d 1300 (1973), that:

". . . The court's admonition to the jury not to consider the remarks of counsel, or a witness, usually cures an error unless it is of such a nature after considering the evidence that the error appears to have determined the verdict. . . ." (Citation omitted)

The record reveals that the remarks did not determine the verdict, as the evidence against the defendant was overwhelming. Therefore, this assignment of error is without merit.

The judgment and sentence is *AFFIRMED*.

BUSSEY, P. J., and BLISS, J., concur.