Howard Lee CARDER, Sr., Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-78-574.

Court of Criminal Appeals of Oklahoma.

Nov. 13, 1979.

Woodliff & Hutton, R. Richard Hutton, Henryetta, for appellant.

Jan Eric Cartwright, Atty. Gen., David W. Lee, Asst. Atty. Gen., Jim Wilcoxen, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Howard Lee Carder, Sr., hereinafter referred to as defendant, was charged in the District Court, Okmulgee County, Case No. CRF–77–95, for the offense of Shooting With Intent to Kill, in violation of 21 O.S.Supp.1976, § 652. He was tried by a jury and found guilty of Assault Upon a Person With a Dangerous Weapon, in violation of 21 O.S.1971, § 645. His punishment was fixed at five (5) years' imprisonment. From said judgment and sentence an appeal has been perfected to this Court.

The State's evidence established that on the evening of November 9, 1977, the victim, James Bush, was standing outside the Eight Ball bar in Henryetta, Oklahoma. Defendant approached him and for some unknown reason started calling Bush names. Defendant started toward Bush as if to fight but Bush took a defensive position. Defendant then backed away but returned with a shotgun whereupon Bush ran. Three shots were fired and Bush was struck in the ankle, arm and middle of his back.

Sherry Roberts testified that she observed James Bush and two other persons outside of the bar. The older of the two other persons fired three shots at Bush as he ran away. Maxine Thompson testified that she was traveling in an automobile in front of the bar on the evening in question. She observed a man wearing an orange colored shirt shoot at another man who was running.

James Shepard testified that he observed defendant and a younger boy standing in front of the bar. Defendant pointed a shotgun at Shepard and said "Do you want some of it, too?" [Tr. 49] Defendant was apprehended at his brother's residence shortly thereafter and was wearing an orange shirt. A loaded .16 gauge shotgun was found laying near a car parked at the residence.

Defendant did not testify nor was any evidence offered in his behalf.

Defendant asserts in the first assignment of error that the trial court erred in overruling his objection to certain testimony given by three witnesses for the State. The first instance appears in the record as follows:

"Q. Without going into what was reported, sir, what did you dispatch?

"A. I told the police car that Howard Carder had a gun and was probably the one doing the shooting." [Tr. 57].

We agree that the witness' response did constitute an evidentiary harpoon. However, we are of the opinion that the error was cured by the trial court's actions in sustaining defendant's objection and admonishing the jury not to consider the answer. It has long been the rule in this jurisdiction that the court's admonition to the jury not to consider the remark of counsel or a witness usually cures any error unless the same is of such a nature, after considering the evidence, that the error ap-

pears to have determined the verdict. See *Matthews v. State*, Okl.Cr., 530 P.2d 1044 (1975) and *Kirk v. State*, Okl.Cr., 561 P.2d 134 (1977). Considering the overwhelming evidence of defendant's guilt and the fact that he was only convicted of a lesser included offense, we cannot find that the unsolicited response by the witness appeared in any manner to have determined the verdict.

■ Defendant next complains of the testimony of Assistant Police Chief Allen who testified as to damage to cars in the area resulting from the shotgun blasts as tending to prove other offenses. The evidence as to the location of the vehicles and damage sustained was relevant to show the direction and the number of shots fired. Such evidence was clearly admissible as being part of the res gestae and as tending to establish defendant's "intent" to kill and its admission did not constitute error. See *Drake v. State*, 91 Okl.Cr. 142, 217 P.2d 191 (1950), *Miles v. State*, Okl.Cr., 554 P.2d 1200 (1976) and *Hill v. State*, Okl.Cr., 589 P.2d 1073 (1979).

■ The final asserted testimonial error occurred during redirect examination of James Shepard as follows:

"Q. How did you happen to get to know who he was?

"A. I guess it might be reputation-wise or—" [Tr. 54].

The record reflects that the trial court sustained defendant's objection and admonished the jury to disregard the response. We are of the opinion that the trial court's admonishment cured any error which might have resulted from the response. Further, the witness merely stated that he knew defendant by reputation. The witness did not testify that defendant's reputation was either good or bad. Recognizing that as many people are known for having good reputations as are known for having bad reputations, we must find any error resulting from the witness's response to be harmless.

■ Defendant contends in the second assignment of error that the trial court erred in allowing the jury to hear the testimony of Sherry Roberts after it had begun its deliberation. The defendant argues that such allowed the jury to place more emphasis on the testimony of one witness, whose testimony was then possibly taken out of context. We have previously held that whether a jury request to have testimony read to them will be granted is a matter of discretion for the trial court, subject to review by this Court. *See Lovelady v. State*, Okl.Cr., 478 P.2d 983 (1970) and *Fosberry v. State*, Okl.Cr., 509 P.2d 911 (1973). We cannot find that the trial court abused its discretion in the instant case by honoring the jury's request to have the testimony of the witness read. The witness's testimony could not have in any manner been the deciding factor in the case, considering its cumulative nature and the fact that the witness testified on cross-examination that she could not positively identify the defendant.

Defendant urges in his final assignment of error that the verdict is not supported by sufficient evidence and that the punishment is excessive. This assignment of error is frivolous. There is ample competent evidence to support the verdict of the jury and the punishment imposed does not shock the conscience of this Court. The proof of defendant's guilt is overwhelming and amply supports the punishment imposed.

The judgment and sentence is accordingly *AFFIRMED.*

CORNISH, P. J., and BRETT, J., concur.