Richard Franklin **WELLIVER**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. F–79–708.

Court of Criminal Appeals of Oklahoma.

Nov. 14, 1980.

Thomas W. Burns, Deputy Chief Public Defender, for appellant.

Jan Eric Cartwright, Atty. Gen., Oklahoma, William S. Flanagan, Asst. Atty. Gen., for appellee.

## OPINION

CORNISH, Presiding Judge:

The appellant was convicted of Robbery With a Dangerous Weapon, After Former

Conviction of a Felony, in the District Court of Tulsa County, Oklahoma, Case No. CRF-79–814. Punishment was assessed at sixty (60) years.

On February 3, 1979, a man, later identified by the victims as the appellant, entered a Tulsa residence. Holding a knife to Shirley Ehn, he ordered her roommate, Dorothy Rose, to turn over all cash from both their purses. The appellant then tied the two women with pantyhose, took the car keys from Ms. Rose, and effected his escape in her car.

## I.

It is first argued that the pretrial lineup was impermissibly suggestive because only one of two persons whose photographs had been selected by victim Rose participated in the lineup. The appellant further asserts his presence was improperly emphasized when Detective Eslick notified Ms. Rose of the lineup. He informed her the police had in custody the man she had previously selected at the photographic identification.

■ We think it inherently probable, under these facts, that the lineup was suggestive. However, this Court noted in *McDaniel v. State*, Okl.Cr., 576 P.2d 307 (1978):

... improper suggestiveness does not indicate conclusively that the in–court identification was unreliable, thereby requiring exclusion. The central question is whether, under the totality of the circumstances, the identification was reliable even though the confrontation procedure was suggestive. *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). In *Armstrong v. State*, Okl.Cr., 541 P.2d 213 (1975), we ruled that there was a sufficient quantum of reliability if the in–court identification was based solely upon the observation at the time of robbery and not upon pretrial identification.

Viewed in this context we find the appellant's claim is unfounded.

A careful reading of the record shows that both victims were in the presence of the appellant for approximately twenty minutes, during which time they both had ample opportunity to observe his physical characteristics. Ms. Rose's description of the robber, including a tiny pierced earring on his left ear, was consistent with that of Shirley Ehn. Further, Ms. Rose testified that her in–court identification was based on her memory of the robber in her home on February 3, not what she saw in a photograph or pretrial lineup. We hold the victims' in–court identification was reliable and properly admissible at trial.

## II.

■ Relying on 22 O.S.1971, § 701, as interpreted by *Denney v. State*, Okl.Cr., 346 P.2d 359 (1959), the appellant claims error was injected at trial when the prosecutor was allowed to argue the State's case was "uncontradicted." We have previously held that this same language is not a violation of the statute forbidding comment on the fact that the defendant failed to testify and is permissible. *Hunt v. State*, Okl.Cr., 601 P.2d 464 (1979); *Davidson v. State*, Okl.Cr., 550 P.2d 974 (1976).

■ In support of his next argument that the sentence imposed should be modified, the appellant asserts error in the second stage of the trial when the prosecutor made the following argument to the jury, over objection by defense counsel:

And the third purpose, ladies and gentlemen, is to warehouse an individual, keep him away from society for the protection of society.

Is this the kind of individual that you want walking the streets with you and your children and your family.

Is this the type of person that you want in Tulsa County, Oklahoma, living in the same community with you.

Similar arguments relating to the protection of society and the peace and dignity of the community have been held not so grossly improper as to have affected the defendant's rights. See *Blevins v. State*, Okl.Cr., 603 P.2d 1168 (1979); *Kirk v. State*, Okl.Cr., 561 P.2d 134 (1977). Having carefully examined the record before us, we find that the statements would fall within the liberal freedom of speech and wide range of dis-

cussion, illustration and argumentation rule enunciated in *Harvell v. State*, Okl.Cr., 395 P.2d 331 (1964).

Where the proof of guilt is overwhelming, as in this case, and the record fails to indicate that the remarks substantially affected the jury's finding, there is no reversible error. *Hux v. State*, Okl.Cr., 554 P.2d 82 (1976). The maximum punishment here was life imprisonment. Considering there was overwhelming evidence of guilt, we conclude the comments did not determine the verdict and that the appellant's argument is without merit.

### III.

Presented as the final alleged error is the State's failure to introduce competent evidence of the appellant's former convictions. The trial judge announced in open court that the parties had stipulated that certain documents reflect that an individual named Richard Franklin Welliver was previously convicted in the District Court of Sedgwich County, Kansas. Defense counsel immediately made it clear that this was not a stipulation that the appellant was the same Richard Franklin Welliver. Although there was no formal objection, the appellant argues this error was so fundamental as to require reversal.

The appellant points out that the stipulation is devoid of any evidence that the Kansas judgments were final. However, we observe that there is a complete lack of contradictory evidence on the part of the appellant that the Kansas judgments were not final. He further urges that this error, which allowed the jury to consider the prior felony convictions under the Habitual Criminal Statute, was compounded when the jury was informed by the trial judge that they could presume that the appellant on trial was the same individual because of the identity of names.

█ The rule is well settled in Oklahoma that identity of names is prima facie evidence of identity of person, and it is sufficient in the absence of rebutting testimony. *Wilson v. State*, Okl.Cr., 568 P.2d 1323 (1977). This leaves the question of identity for the jury's determination after a proper instruction, upon a consideration of all surrounding facts and circumstances. *Williams v. State*, Okl.Cr., 364 P.2d 702 (1961); *Conner v. State*, Okl.Cr., 518 P.2d 1271 (1974).

 Here, the burden was shifted to the appellant to rebut the prima facie evidence, certified copies of judgments and sentences of Richard Franklin Welliver for Felony Theft and Burglary (Exhibits No. 1 and 2). We hold there was sufficient evidence to prove that the appellant had previously been convicted of two felonies, which were considered by the jury under proper instructions.

For the above and foregoing reasons the judgment and sentence is AFFIRMED.

BRETT and BUSSEY, JJ., concur.