Theodore **GIBSON**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. F–80–341.

Court of Criminal Appeals of Oklahoma.

Nov. 23, 1981.

Patti Palmer, Asst. Appellate Public Defender, Norman, for appellant.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Asst. Atty. Gen., Oklahoma City, for appellee.

OPINION

CORNISH, Judge:

The appellant, Theodore Gibson, was convicted of Assault and Battery with Intent to Kill. He was sentenced to twenty (20) years' incarceration.

The evidence established that the appellant grabbed the victim, Carol King, around her neck and dragged her into an alley where he choked and severely beat her. She was found shortly thereafter and transported to the hospital. At the hospital King was given a tracheotomy to allow her to breathe. The tracheotomy is credited with saving her life. The victim was hospitalized for two weeks with three jaw fractures, multiple facial lacerations, and several teeth were loose or missing.

The appellant alleges that Instruction No. 7 shifted the burden of proving intent in contravention of *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975). There was no objection raised at trial to this instruction nor did the appellant offer an alternative instruction. An assignment of error raised for the first time on appeal will not be considered, unless it constitutes fundamental error. *Shetsky v. State*, 290 P.2d 149 (Okl.Cr.1955). We do not find the instruction to be fundamentally infirm.

Appellant further argues there was no evidence presented from which the jury could infer intent. We disagree. The doctor testified there was a good chance Miss King would have died had she not received prompt medical attention. Miss King testified that she was not conscious when the blows were delivered. It is for the jury to determine from all the evidence whether the appellant possessed an intent to kill. *Pettigrew v. State*, 430 P.2d 808 (Okl.Cr. 1967). The jury could certainly find an intent to kill when one chokes and then severely beats an unconscious woman.

Appellant next alleges that evidentiary harpoons injected into the officer's testimony prejudiced his right to a fair trial. Only one remark was objected to at trial and none were raised in the appellant's motion for new trial or in the petition in error. We find that any errors were waived. This Court will not review alleged errors for the first time on appeal absent fundamental error. *Bruner v. State*, 612 P.2d 1375 (Okl.Cr.1980).

Appellant alleges as his final proposition that he was prejudiced by remarks made by the prosecution during the closing argument. The statement of which appellant complains states "It's a real shame that in McAlester, Oklahoma; Savannah, Pittsburg or whatever town that we want to go to; that a young lady can't go out by herself at night and feel safe." We find that this statement was not so grossly improper that it affected the appellant's rights. *See Blevins v. State*, 603 P.2d 1168 (Okl.Cr.1979). Additionally, we hold that the trial judge's admonition to the jury to disregard the statement cured any error. *See Holdge v. State*, 586 P.2d 744 (Okl.Cr. 1978).

Appellant claims prejudice was shown by the fact that a first offender received the maximum sentence. *Tomlinson v. State*, 554 P.2d 798 (Okl.Cr.1976); *Walker v. State*, 550 P.2d 1339 (Okl.Cr. 1976). Considering the facts of this case, the twenty (20) year sentence does not require modification by this Court. The judgment and sentence is AFFIRMED.

BUSSEY, J., concurs.

BRETT, P. J., concurs in results.