Rodney Eugene LARSON, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F-83-432.

Court of Criminal Appeals of Oklahoma.

May 13, 1985.

Oklahoma County Public Defender's Office, Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen., Robert W. Cole, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Presiding Judge:

Appellant, Rodney Eugene Larson, was convicted of Robbery with Firearms After Former Conviction of a Felony in the Oklahoma County District Court, Case No. CRF–82–4004, sentenced to fifteen (15) years imprisonment and appeals.

Appellant entered Winchell's Donut House in Edmond about 6:45 p.m. on August 15, 1982. Five or ten minutes later after the other customers had left, appellant pulled out a gun and told the clerk to give him all the money. The clerk and a friend of hers were the only people in the shop at the time of the robbery. Both of these witnesses had seen appellant when he drove up and had observed that he was in an orange and white Pinto. These two witnesses were able to describe appellant in enough detail that he was apprehended within half an hour of the robbery. When appellant was arrested, he was not wearing the cowboy hat that he had been wearing at the time of the robbery, and he did not have a gun in his possession at the time.

It was determined that appellant lived in an apartment located a short distance from the donut shop, and that he had a roommate. The police were given written consent by appellant's roommate to search the jointly occupied apartment. The police did not find the gun, but they did find the distinctive cowboy hat the two witnesses had described.

Appellant raises four assignments of error. His first objection is to the admission of the evidence obtained when his apartment was searched. Appellant admits his roommate consented to the search, and

that they jointly occupied the apartment; however, he contends absent a compelling reason, a valid consent can only be obtained from the accused. This Court recognizes the rationale adopted in *United States v. Matlock*, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974). Persons with joint access or control in a given area are vested with reciprocal or common authority to give consent to a search of the common premises. *Riggle v. State*, 585 P.2d 1382 (Okl.Cr.1978); *Nunley v. State*, 660 P.2d 1052 (Okl.Cr.1983). The evidence obtained in the consent search, in this case, was admissible.

Appellant's next assignment of error deals with the time elapsed between his arrest (17 days) and when he was first taken before a magistrate. Appellant was arrested on August 15th, put in jail on the 16th, and officially charged on the 17th. It was not until August 31st that appellant was taken before a magistrate. Counsel was appointed sometime between August 31st and October 4th. Appellant never posted bond and he waived the preliminary hearing. The first objection to the delay was an oral motion to quash the information made by counsel at the end of the first day of trial on December 13th. The only argument presented was a vague claim there was an alibi witness who had left town, but appellant did not tell the court the name of the witness or what the testimony would be. Appellant failed to show any injury or prejudice occurred due to the delay in taking him before a magistrate. *Stidham v. State*, 507 P.2d 1312 (Okl.Cr. 1973). This objection should have been made at the earliest possible time so the state could mitigate any damage suffered by the delay. Although the state was decidedly slow in processing the appellant, appellant was equally dilatory in voicing his objection. *Logan v. State*, 493 P.2d 842 (Okl.Cr.1972).

Appellant's third proposition is a claim he "... was denied effective assistance of counsel and due process of law when he was forced to trial without his glasses and thus unable to see the witnesses and meaningful [sic] confer with counsel." The first time this objection surfaced was after the trial in a letter to the judge. The letter was treated as a pro se motion for new trial. Appellant is not claiming his attorney is incompetent, but that he needed his glasses to assist his attorney at the trial. It is conceivable a defendant might be deprived of a fair trial because he was not allowed to have the use of a prosthesis at trial. Appellant has not, however, demonstrated this was the case. This alleged error is not one of the errors enumerated as grounds for a new trial, 22 O.S.1981, § 952, and it is not grounds for an arrest of judgment, 22 O.S.1981, § 954. There is no showing this problem was a fundamental error which could be raised at any time. This proposition is wholly without merit.

Appellant's fourth and final assignment of error is a claim the state failed to prove a prior felony conviction in the second stage of trial. Appellant contends the state had to prove the appeal time had expired and the prior conviction was final. This argument is also without merit; the record discloses the state made a prima facie showing of the prior conviction. Appellant had the burden of showing defects that were not disclosed on the face of the judgment and sentence. *Welliver v. State*, 620 P.2d 438 (Okl.Cr.1980).

Accordingly, for the foregoing reasons, the judgment and sentence is AFFIRMED.

BRETT and BUSSEY, JJ., concur.