Timothy Joe HARDRIDGE, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–85–310.

Court of Criminal Appeals of Oklahoma.

Sept. 21, 1987.

Thomas Purcell, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., M. Caroline Emerson, Asst. Atty. Gen., State of Oklahoma, Oklahoma City, for appellee.

**OPINION**

BUSSEY, Judge:

The appellant, Timothy Joe Hardridge, was convicted in the District Court of Muskogee County of the crime of Second Degree Burglary, After Former Conviction of Two or More Felonies and was sentenced to twenty (20) years imprisonment. From this judgment and sentence, he appeals.

On March 20, 1984, at approximately 8:45 p.m. Detective Richard Slader of the Muskogee Police Department received a call from dispatch that a silent alarm had been activated at the local Sears store in Muskogee. Upon his arrival, Slader discovered that the west side door to the store had been broken out and noticed a brick laying inside the door. Slader entered the store and encountered the appellant walking down the aisle of the store carrying a robe and a camera. Subsequently, the appellant was placed under arrest. At trial, the appellant testified on his own behalf and admitted that he was presently serving an eight year sentence at the Jess Dunn Correctional Center in Taft, Oklahoma for Second Degree Burglary. While in prison, the

appellant allegedly became indebted to another inmate, known as "Flash", and was threatened bodily harm by him if the appellant did not pay off his loan. The appellant further testified that he decided to leave the prison facility in order to repay the loan.

■ In his first assignment of error, the appellant contends that the trial court erred when it forced him to confess the element of intent of his charge of Second Degree Burglary. Objection was made by the appellant when the State sought to introduce evidence at trial concerning the appellant's status as an escapee at the time of the burglary. At the pre-trial motion hearing, the trial court ruled that the evidence of escape was contemporaneous with the burglary and would be more probative to motive and intent than prejudicial to the appellant and that it fell within the confines of 12 O.S.1981, § 2404B. The court then made a ruling contingent upon future events. The trial court directed the prosecution not to make any reference to the escape in its opening statement and then proposed two strategic courses of action for the appellant. If he stipulated to the element of intent in his opening statement, then the court would preclude the State from mentioning the escape throughout the first stage of the trial. However, if the appellant chose to put the State to its proof of each element, then the court would allow evidence of the escape to go to the jury. The appellant elected to reserve his opening statement until the completion of the State's case-in-chief, after which time he chose to stipulate to the element of intent, in hopes of precluding the evidence of escape from going to the jury. He now claims his conviction should be reversed because the trial court's ruling implied that an element of the offense had been proven. We find no merit to such a contention in that by the time the appellant made his opening statement the State had already proved every element of the crime. The jury was instructed that the State had the burden of proving every essential element of the crime charged and in no way did the burden shift to the appellant. Furthermore, the appellant took the stand and admitted he was an escapee from the correctional center at the time of the burglary. Error, if any, was harmless, and absent any affirmative showing of prejudicial error, the action of the trial court will be affirmed. *Fogle v. State*, 700 P.2d 208 (Okl.Cr.1985).

■ In his second assignment of error, the appellant claims he was denied effective assistance of counsel. He asserts that due to his attorney's stipulation to the element of intent, as well as his unpreparedness for trial, he was denied a fair and impartial trial in violation of the Sixth Amendment. Under the two-prong test of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), we cannot say that the appellant adequately established counsel's performance was deficient, nor can we say he showed that performance to be prejudicial. The contentions raised by the appellant are merely an evaluation of trial strategy based on hindsight and speculation. Based upon the record, the appellant's trial counsel acted as a reasonably competent attorney under the facts and circumstances of this case and did all he could to safeguard the rights of his client. This assignment is without merit.

The judgment and sentence is AFFIRMED.

BRETT, P.J., and PARKS, J., concur.