George Allen JENNINGS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15743.

Court of Criminal Appeals of Oklahoma.

April 28, 1971.

Don Anderson, Public Defender, Oklahoma County, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh Collum, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

NIX, Judge:

Plaintiff in error, George Allen Jennings, hereinafter referred to as defendant, was convicted by jury verdict and sentenced to ten years imprisonment for Robbery with Firearms, After Former Conviction of a Felony in the District Court of Oklahoma County, Case No. CRF–69–1152. Judgment and sentence in accordance with the verdict was imposed on December 8, 1969, and this appeal perfected therefrom. Defendant was represented at his trial and on appeal by the public defender.

At the trial, Perry A. Pendergraft testified that on May 19, 1969, while a pharmacist at South Community Pharmacy in Oklahoma City, he was robbed at about 5:30 P.M. He identified defendant in court as the robber, and testified that defendant came in alone, put a gun on Pendergraft and demanded narcotics, which Pendergraft put in a sack together with some syringes and needles and gave to him. Defendant then demanded money and after getting about $200 or more, put Pendergraft in a back room and left. After about two minutes Pendergraft called police, who later that evening showed him some mug shots and some more the following day. Pendergraft picked defendant from among the the latter group. On August 27, 1969, Pendergraft was to attend a police lineup, but picked defendant out of a group of men at police headquarters before the lineup was held.

Perry Jennings, defendant's brother, testified that on May 19, 1969, he got home about five or ten minutes before 5:00 P.M. His wife was there, his two brothers, defendant, and Dale and Evelyn Melot. He and defendant played cards for a while then defendant went to sleep. Perry Jennings was there all evening and defendant did not leave the house.

Joan Jennings, Perry's wife and defendant's sister-in-law, testified that on May 19, 1969, at her home, defendant became very upset, begged to be killed and passed out on the bathroom floor. They took him to South Community Hospital emergency room. As the doctor began to examine defendant, the latter raised up and struck the doctor in the mouth. She and others took defendant back to her home where he stayed. After her husband came home and played some cards with defendant, the defendant went to sleep around 5:30 P.M. He remained there asleep until about 11:00 P.M. Defendant's car was outside, but she had the keys to it.

On rebuttal for the State, Dr. Tom Garrett testified that he was in charge of the emergency ward at South Community Hospital in Oklahoma City and on May 19, 1969, defendant was brought in to the emergency room about 3:30 P.M. The doctor saw him about 3:50 P.M., being told of defendant's hallucinations and fainting. As the doctor started to treat defendant the latter raised up from the stretcher and struck him violently in the mouth. Defendant's friends then took him away.

The former conviction was stipulated.

On appeal, defense counsel urges consideration of the evidence and the sentence. It is apparent from the foregoing summary that there was sufficient evidence before the jury to support the verdict. Granted

there was a conflict in the evidence, since defendant's witnesses state defendant could not have been at the scene of the crime at the time of its commission. Yet, the State's witness positively identifies the defendant as the perpetrator of the crime. It is the rule of this Court that where there is competent evidence from which the jury could reasonably conclude that the defendant was guilty as charged, we will not interfere with the verdict even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom. France v. State, Okl.Cr., 467 P.2d 526 (1970).

■ As to the sentence, since the minimum allowable upon conviction for this offense is ten years, which is the term fixed by the jury, modification is not possible. 21 O.S.Supp.1970, § 51. 21 O.S.1961, § 801.

■ Without aid of counsel defendant has filed a pro se brief urging two assignments of error. First, defendant contends that his court appointed counsel stipulated in the second stage of the trial to the charge of former felony conviction "without his knowledge or understanding." The record shows that after the State read the charge of a former felony, defense counsel stipulated that defendant was one in the same as the defendant in the former conviction and further that defendant was represented by counsel on the prior conviction from which no appeal was taken. It is true, as defendant states, that introducing a judgment and sentence of a former conviction without proof of identity is insufficient. Baker v. State, Okl.Cr., 378 P.2d 785. However, this proof of identity may be stipulated. We find nothing to indicate that this stipulation was against the will or wishes of defendant at the time of its occurrence. He was present in the courtroom and could have entered an objection. Furthermore, defendant does not now contest the accuracy of the stipulation or deny he was the defendant in the former conviction. Accordingly, we find no error.

■ However, it is generally of doubtful wisdom for defense counsel to stipulate to the former conviction without extenuating circumstances, as it opens the door to a claim of inadequate legal representation.

■ Defendant secondly contends that it was error for the trial court not to instruct the jury as to the indeterminate sentence act which permits the imposition of a minimum-maximum term, 57 O.S.Supp.1970, §§ 353–356. There is no merit to this position as was stated in Cooper v. State, Okl.Cr., 415 P.2d 1009 (1966):

"The Indeterminate Sentence Act provides the court with a 'discretionary alternative' in sentencing individuals to terms of imprisonment, which is applicable in jury trials * * * *"

Being discretionary, the court may or may not fix a minimum-maximum sentence. See, Hardway v. Page, Okl.Cr., 446 P.2d 72 (1968).

Furthermore, since defendant received the minimum allowable term, an indeterminate sentence would be to his disadvantage.

For the reasons set forth above, we conclude that the judgment and sentence must be affirmed.

BRETT, J., concurs.

BUSSEY, P. J., concurs in result.