Ritcheson Lynn FOGLE, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–83–360.

Court of Criminal Appeals of Oklahoma.

May 8, 1985.

Rehearing Denied May 31, 1985.

Mark H. Barrett, Appellate Public Defender, Special Counsel, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Hugh A. Manning, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Ritcheson Lynn Fogle was convicted by a jury in Payne County District Court of Burglary in the Second Degree After Former Conviction of Two or More Felonies. He received a sentence of twenty-eight years imprisonment and appeals.

The burglary with which appellant was charged was that of the Kenneth Edmond-

son residence in Payne County on April 14, 1982. On April 20, 1982, appellant was arrested by the Pottawatomie County Sheriff at the scene of a burglary occurring in that county. Items reported to have been stolen in Payne County were found in appellant's automobile when it was inventoried.

On the day that appellant was arrested he requested to speak to Ruie Birks, Pottawatomie County Sheriff. After being advised of his *Miranda* rights, he told Mr. Birks that he had committed the Edmondson burglary. Prior to this confession, appellant claims that Mr. Birks told him that things might go a little easier for him if he cooperated. Mr. Birks made it clear, though, that he couldn't and wouldn't make any deals.

As his first assignment of error, appellant claims that the record is deficient of a finding by the trial judge that his statement was voluntarily made. See *Jackson v. Denno*, 378 U.S. 368, 369, 84 S.Ct. 1774, 1775, 12 L.Ed.2d 908 (1964). The United States Supreme Court has held this finding must appear in the record with "unmistakable clarity," though an elaborate compilation need not be made. *Sims v. Georgia*, 385 U.S. 538, 544, 87 S.Ct. 639, 643, 17 L.Ed.2d 593, 598 (1967).

█ Appellant's counsel argued a motion to suppress the confession on several occasions, one being before the trial judge on the day of trial prior to a jury being empaneled. After hearing argument from both sides concerning Sheriff Birks' conversation with the appellant, the trial court read the transcript of the sheriff's testimony at the preliminary examination and then denied the motion to suppress. This, we hold, is a sufficient record to satisfy the requirements of *Jackson v. Denno*. It is unmistakably clear from the record that the trial judge found the confession was voluntarily made. In *Harger v. State*, 665 P.2d 827 (Okl.Cr.1983), we held the trial court's ruling during the course of the preliminary hearing that the appellant's confession and resulting evidence were admissible was a sufficient finding of voluntariness for the

record. In *Harger*, the district judge who tried the case also found the confession to have been voluntarily made after reviewing the transcripts made of the preliminary hearing.

█ Next, appellant claims his confession should not have been admitted into evidence as it was obtained in violation of his Fourth Amendment rights. He maintains that the State failed to present any evidence to justify his warrantless arrest or the search of his car. The transcript of the preliminary examination shows that Pottawatomie County officers responded to a report of a burglary in progress and found the appellant's car parked at the scene. The appellant was arrested "on the roadway." Beyond saying that his initial conversation with the appellant related to the burglary investigation, the Sheriff gave no testimony about the appellant's arrest. The reason that the testimony was brief was that the appellant's objection to evidence of other crimes was sustained. Our review of the record reveals no prominent irregularities. In the absence of an affirmative showing of prejudicial error, the action of the trial court will be affirmed. *Jackson v. State*, 405 P.2d 702 (Okl.Cr. 1965). See as well *Anderson v. State*, 541 P.2d 1091 (Okl.Cr.1975).

█ In his third assignment of error, appellant claims Sheriff Birks made false statements concerning the consequences of waiving his Fifth Amendment rights and so his waiver was necessarily invalid. The false statements he claims he relied on are those of Sheriff Birks wherein he told appellant:

I advised him that I could not and would not make any deals. However, if he wanted to volunteer this information it might be a little easier, but that I couldn't do anything about it myself.

This, appellant contends, amounted to trickery. This statement does not begin to compare to the deceit condemned in *Spano v. New York*, 360 U.S. 315, 79 S.Ct. 1202, 3 L.Ed.2d 1265 (1959). Too, the evidence is uncontroverted that appellant received *Mi-*

*randa* warnings prior to interrogation and was advised of his right to remain silent. We hold that the trial court did not err in finding the confession to have been voluntarily made and that it was admissible into evidence. *Hardin v. State*, 649 P.2d 799 (Okl.Cr.1982).

■ As his fourth assignment of error, appellant complains that the prosecution made such prejudicial comments during closing arguments that reversal or modification of sentence is warranted. The first statement occurred during closing argument in the first stage of a two stage trial. It is that of the prosecutor in stating "There isn't any defense to this. All he's doing is trying to say, like a person with a rifle shooting at a tank, trying to find a weak spot." We do not agree with appellant that this was improper commentary aimed at relieving the State of its burden of proving guilty beyond a reasonable doubt. Rather, we have held similar comments to be fair argument on the evidence. *Buie v. State*, 368 P.2d 663 (Okl.Cr.1962). The jury was instructed that the State had to prove appellant guilty beyond a reasonable doubt to overcome the presumption of innocence. Furthermore, counsel's failure to object to the comment constitutes waiver of error. *Myers v. State*, 623 P.2d 1035 (Okl.Cr.1981).

■ Appellant further argues that the prosecution improperly alerted the jurors to the danger of crime in Payne County if they did not find appellant guilty. Defense counsel objected to this at trial. The court sustained the objection and admonished the jurors to disregard the statement. We hold that the error was not fundamental and was cured by the admonishment. *Wiley v. State*, 551 P.2d 1146 (Okl.Cr.1976).

■ During closing arguments in the second or punishment stage, the prosecutor twice referred to appellant as a "career criminal" and suggested that he would commit more crimes if not imprisoned. In *Roberts v. State*, 550 P.2d 971 (Okl.Cr. 1976), we held that it was not error for the prosecution to label the defendant therein a "thief" during the second stage because the evidence warranted such a conclusion. While it is generally improper for the prosecution to argue former convictions in the first stage, *Conway v. State*, 581 P.2d 40 (Okl.Cr.1978), enhancement of punishment due to prior convictions is proper consideration in the second stage. The term "career criminal" was used by the prosecution in this case because appellant had prior convictions ranging back to 1972. This label and the suggestion that he may in the future commit more crimes is not unfounded in the evidence. Also, appellant's counsel failed to object to the remarks and waived error. *Myers*, supra.

■ In the second or punishment stage of the proceedings, the trial court failed to instruct the jury that they could find appellant had only one prior felony conviction and, in that case, the minimum sentence would be ten years imprisonment under 21 O.S.1981, § 51. This, the State concedes, was error. Appellant properly preserved this error by objection to this failure and by presenting an accurate instruction to the trial court.

■ The jury may find a defendant not guilty on a former conviction charge and assess punishment as if he or she were a first time offender. *Dean v. State*, 502 P.2d 358 (Okl.Cr.1972). In *Dean*, we said that because of this, the jury should be provided verdict forms showing the finding of guilt of a prior conviction and one showing innocence of prior convictions. We hold that the jury as well should be instructed as to their alternative of finding guilt of only one of two prior convictions alleged, and necessarily of the lesser minimum punishment.

In the present case, the jury was not advised in accordance with our holding. While the majority of the instructions referred to prior "felony or felonies," there was a verdict form referring to guilt without prior felony convictions and one referring to guilt after prior felony conviction. The jury filled out the latter assessing punishment as twenty-eight years' imprisonment. After announcing the verdict, the

judge sent the jury out in order for them to clarify the verdict as to the number of felony convictions. This they did by adding an "s" to conviction, indicating they believed appellant was guilty of both prior felonies. They did not change the length of punishment.

We consider the error in the instructions as harmless due to an overall lack of resulting prejudice. *Cook v. State*, 650 P.2d 863 (Okl.Cr.1982). Appellant has failed to carry his burden of showing prejudice. *Id.* at 868.

The circumstances indicate to us the verdict would be no different had the jury been properly instructed. Appellant adduced no evidence to controvert the judgment and sentences introduced of his prior felony convictions. There appears no reason to believe either is invalid for enhancement use. Nor is there a reasonable possibility that the jury would have imposed a reduced sentence if properly instructed. *Hicks v. Oklahoma*, 447 U.S. 343, 100 S.Ct. 2227, 65 L.Ed.2d 175 (1980). We find no prejudice to appellant.

Appellant also assigns as error for the trial judge to have sent the jury out to clarify the verdict as to the number of prior felony convictions of which they found appellant guilty. He alleges that this amounted to a directed verdict of a finding of guilt of both prior felony convictions; that it was a violation of the prohibition against twice being put in jeopardy for a crime; and, the judge's oral instructions materially altered previous written instructions. Appellant reasons that since the jury was allowed to pluralize "prior conviction," this changed their finding of the number of convictions. We consider this proposition frivolous as there was no change in sentence .by the jury and the change only resulted in a clarification of the verdict already rendered. In our minds, the term "after former felony conviction" does not necessarily mean only one conviction. "Conviction" may mean in a general sense one or more convictions. Moreover, appellant's failure to object to the verdict forms or procedure of the court constitutes waiver of error. *Kite v. State*, 506 P.2d 946 (Okl.Cr.1973).

As appellant's final assignment of error, he asserts that his prior convictions were improperly proven at trial by admission of certified copies of the judgment and sentences rendered in the prior cases. He claims that such a practice is not constitutionally sound. However, we have consistently found, and do so today, that such evidence constitutes prima facie proof of identity of a criminal defendant. *Welliver v. State*, 620 P.2d 438 (Okl.Cr.1980). In the absence of rebutting evidence, the prior convictions have been adequately proven. *Id.* at 440.

Finding no error warranting modification or reversal, judgment and sentence is AFFIRMED.

PARKS, P.J., concurs.

BRETT, J., concurs in results.