**Gary E. JOHNSON, Petitioner–Appellant,**

v.

**Jack COWLEY, Attorney General of the State of Oklahoma, Respondents–Appellees.**

**No. 91–6401.**

United States Court of Appeals, Tenth Circuit.

Nov. 16, 1994.

---

342

Michael G. Katz, Federal Public Defender, James P. Moran, Asst. Federal Public Defender, Denver, CO, for petitioner-appellant.

Susan Brimer Loving, Atty. Gen. of Okla., William L. Humes, Steven Spears Kerr, Asst. Attys. Gen., Oklahoma City, OK, for respondents-appellees.

Gary Eugene Johnson, pro se.

Before MOORE and BARRETT, Circuit Judges, and ROGERS,* District Judge.

* Honorable Richard D. Rogers, Senior Judge for the United States District Court for the District of Kansas, sitting by designation.

JOHN P. MOORE, Circuit Judge.

Gary E. Johnson (petitioner) appeals from the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. § 1291. We affirm in part, reverse in part, and remand.

Petitioner was charged in Oklahoma state court with second degree burglary after former conviction of a felony. Petitioner had pled not guilty to the former conviction. Under the state procedure, trial of the primary burglary offense was bifurcated from the enhancement and sentencing proceeding. A jury convicted petitioner of the burglary charge; therefore, in the separate enhancement proceeding, it became the jury's responsibility to determine the fact of the former conviction and to assess punishment. *See* Okla.Stat. tit. 22, § 860.

Without petitioner being present, petitioner's counsel met with the trial judge in chambers and stipulated to the fact of the former conviction for robbery with firearms. Petitioner's counsel did not put on any defense during the enhancement trial. The state introduced certified copies of the judgment and sentence and docket sheet showing the former conviction. Petitioner's counsel did not object, and these documents were admitted into evidence. As a result, the state was relieved of the burden of proving petitioner was the individual described in the judgment and sentence.

The trial judge instructed the jury petitioner pled not guilty to the prior conviction and the state had the burden of proving that conviction beyond a reasonable doubt. Because of the stipulation, however, the judge in essence took the responsibility for determining identity away from the jury. Nonetheless, neither petitioner nor his counsel objected to these instructions. The jury fixed petitioner's punishment at forty years.

With new counsel, petitioner appealed his conviction and sentence. In his direct appeal brief, petitioner challenged the enhancement proceedings on a number of bases. Though not artful, petitioner's argument questioned the effect the trial court gave to the stipulation and contended the court's instructions essentially directed a verdict against him. He also argued the improper instructions made the stipulation of identity "the functional equivalent of a guilty plea."

In affirming petitioner's conviction and sentence, the Oklahoma Court of Criminal Appeals did not specifically address this or any of petitioner's other contentions regarding the enhancement proceeding and sentence. Characterizing all as challenges to his lengthy sentence, the court simply stated "[a]fter a thorough examination of the record, we conclude that the sentence imposed is not 'so excessive as to shock the conscience of the Court.'" *Johnson v. State*, 703 P.2d 193, 197 (Okla.Crim.App.1985) (citation omitted).

Petitioner then launched a series of post-conviction proceedings which ultimately ended in the petition filed in this case. Proceeding pro se, petitioner raised four claims. He challenged his enhancement proceeding, including the effect of the stipulation claim; contended his sentence was excessive; asserted he was denied a fair trial because his wife was improperly cross-examined during the burglary trial; and urged the trial court's restrictions on cross-examination of the state's key witness during the burglary trial violated his due process rights. The matter was referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B).

The magistrate judge denied petitioner's first claim, holding the Oklahoma courts previously rejected it on the basis of an independent and adequate state law ground; that is, petitioner waived or defaulted the claim by not raising it in his first application for post-conviction relief. The magistrate judge determined state law required petitioner to raise the claim. The magistrate judge further concluded petitioner had not shown cause for his default and actual prejudice nor demonstrated that failure to consider his claims would result in a fundamental miscarriage of justice as required in *Coleman v. Thompson*, 501 U.S. 722, 750–51, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991). The magistrate judge therefore found it appropriate to deny review of petitioner's first claim. He also concluded petitioner's other three claims were without merit and recommended

the petition be denied. Petitioner filed objections to the magistrate judge's report and recommendation. After making a de novo review, the district court adopted the report and recommendation and dismissed the petition. This appeal followed.

■ In *Coleman v. Thompson,* the Supreme Court has stated:

In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

501 U.S. at 750, 111 S.Ct. at 2565. Whether a petitioner has procedurally defaulted his federal claims is a question of federal law. *Johnson v. Mississippi,* 486 U.S. 578, 587, 108 S.Ct. 1981, 1987, 100 L.Ed.2d 575 (1988); *Osborn v. Shillinger,* 861 F.2d 612, 618 (10th Cir.1988). Federal courts must determine for themselves whether independent and adequate state grounds support the state's holding the petitioner in custody. *Coleman,* 501 U.S. at 736–38, 111 S.Ct. at 2558. Moreover, federal courts must determine the scope of the relevant state court ruling allegedly barring federal court review. *Id.* at 738–40, 111 S.Ct. at 2559.

■ The procedural default rule and the related rule requiring exhaustion of state remedies protect the state courts' role in enforcing federal law by giving the state the first opportunity to address a petitioner's federal claims. *Id.* at 731–33, 111 S.Ct. at 2555. Thus, the substance of a state habeas petitioner's federal claim must be fairly presented to the state courts before it can be raised in federal court. *See Picard v. Connor,* 404 U.S. 270, 275, 278, 92 S.Ct. 509, 512, 513–14, 30 L.Ed.2d 438 (1971) (exhaustion); *Nichols v. Sullivan,* 867 F.2d 1250, 1252–53 (10th Cir.) (exhaustion), *cert. denied,* 490 U.S. 1112, 109 S.Ct. 3169, 104 L.Ed.2d 1031 (1989); *Cummings v. Dugger,* 862 F.2d 1504, 1506–07 (11th Cir.) (procedural bar), *cert. denied,* 490 U.S. 1111, 109 S.Ct. 3169, 104

L.Ed.2d 1031 (1989); *see generally Miranda v. Cooper,* 967 F.2d 392, 398–400 (10th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 347, 121 L.Ed.2d 262 (1992).

■ With this guidance, we conclude the district court incorrectly determined petitioner had procedurally defaulted his claim the stipulation was constitutionally defective. In his direct appeal, we believe petitioner raised that claim, though it could have been better stated; and he, thus, fairly presented its substance to the state courts. Under Oklahoma law, that was all the procedure available to petitioner and all he was required to do to exhaust his state remedies. We therefore hold petitioner's federal claim is not procedurally barred. We turn, then, to the merits of the petition.

■ Petitioner contends his counsel's stipulation was the equivalent of a guilty plea to the fact of the former conviction. Therefore, he asserts, the state trial court was required to determine whether petitioner knowingly and voluntarily made that stipulation before allowing it to go to the jury. Because the court failed to do so, petitioner argues, his federal due process rights were violated.

In Oklahoma, during trial on a primary offense, references to prior offenses are not allowed except as the rules of evidence permit. Okla.Stat. tit. 22, § 860(a). If the defendant is convicted of the primary charge, evidence of the prior offense is then presented to the jury. "The court shall then instruct the jury on the law relating to second and subsequent offenses, and the jury shall then retire to determine (1) the fact of former conviction, and (2) the punishment, as in other cases." Okla.Stat. tit. 22, § 860(b). "The jury may find a defendant not guilty on a former conviction charge and assess punishment as if he or she were a first time offender.... [B]ecause of this, the jury should be provided verdict forms showing the finding of guilt of a prior conviction and one showing innocence of prior convictions." *Fogle v. State,* 700 P.2d 208, 211 (Okla.Crim. App.1985).

Because of the stipulation to his identity, petitioner's enhancement trial did not proceed in the statutory fashion. Though the

state introduced documentary evidence purporting to establish his prior conviction, the court did not instruct the jury to consider it or to determine the fact of the prior conviction. Instead, the court advised the jury petitioner had stipulated to the prior conviction and allowed the jury only to sentence petitioner for the primary burglary offense enhanced by the prior conviction.

Nevertheless, there is nothing in the record to indicate the stipulation was made against petitioner's will or that he did not want it entered. Indeed, although he was present in the courtroom when the court advised the jury he had stipulated to his identity, he made no effort to object or dispute the accuracy of the stipulation. More importantly, he has never, even in this appeal, denied the fact of his former conviction or that he was the person who is described in the judgment of conviction presented to the jury by the state. It is within this context we must judge whether grounds exist for federal habeas relief.

■ We note, first, the enhancement procedure is a matter of state law; and similar stipulations are allowed as part of that procedure. In *Jennings v. State*, 484 P.2d 885 (Okla.Crim.App.1971), a case in which a claim identical to the one advanced here was considered, the court noted:

> It is true, as defendant states, that introducing a judgment and sentence of a former conviction without proof of identity is insufficient. However, this proof of identity may be stipulated.... We find nothing to indicate that this stipulation was against the will or wishes of defendant at the time of its occurrence. He was present in the courtroom and could have entered an objection. Furthermore, defendant does not now contest the accuracy of the stipulation or deny he was the defendant in the former conviction.

*Id.* at 887 (citation omitted).

We have nothing before us, save petitioner's self-serving argument, to indicate he was ignorant of or unwilling to allow the stipulation. Nor has petitioner explained why he voiced no objection when the stipulation was announced in open court. When coupled with his failure to claim his innocence of the former charge or even contend a mistake in identity was made, we must assume any error here was one of form and not substance.

■ Indeed, under Oklahoma law, despite the stipulation, it is the responsibility of the jury to determine the defendant is the same person convicted in the prior proceeding. *Hudson v. State*, 78 Okla.Crim. 160, 145 P.2d 774, 778 (App.1944). Further, even though a sentencing jury is improperly instructed on the prior conviction count, Oklahoma applies a harmless error test. In *Fogle*, the court stated:

> The circumstances indicate to us the verdict would be no different had the jury been properly instructed. Appellant adduced no evidence to controvert the judgment and sentences introduced of his prior felony convictions. There appears no reason to believe either is invalid for enhancement use. Nor is there a reasonable possibility that the jury would have imposed a reduced sentence if properly instructed.

700 P.2d at 212. Thus, only if the failure of the state trial court to make an independent determination of the voluntariness of the stipulation would be a violation of the federal constitution is there grounds for habeas in this case.

Three circuits have addressed this issue: *Wright v. Craven*, 325 F.Supp. 1253 (N.D.Cal.1971), *aff'd*, 461 F.2d 1109 (9th Cir. 1972); *Cox v. Hutto*, 589 F.2d 394 (8th Cir. 1979); and *Government of the Virgin Islands v. George*, 741 F.2d 643 (3d Cir.1984). Of the three, only *George* holds the admission of a prior conviction in an enhancement context is the functional equivalent of a guilty plea requiring an inquiry by the trial court similar to that mandated by Fed.R.Crim.P. 11.

In *Wright*, two of the prior convictions relied upon were allegedly invalid for constitutional or other reasons, and a colorable question was presented whether the defendant knew how the enhancement would affect him. With these factors in mind, the court held defendant should have been advised in open court and given an opportunity to challenge the validity of the prior convictions. In *Cox*, which adopted *Wright*, the stipulation was the only evidence of the prior conviction.

The court noted it was therefore presumptively prejudicial unless the state was prepared to show it could have independently proved the fact of the petitioner's prior conviction. The court therefore remanded to give the state the opportunity to carry this burden.

We are not prepared to embrace the rule seemingly established in *George.* The full panoply of criminal trial procedural rights does not apply in ordinary sentencing proceedings. *See Gardner v. Florida,* 430 U.S. 349, 358 & n. 9, 97 S.Ct. 1197, 1205 & n. 9, 51 L.Ed.2d 393 (1977); *Williams v. New York,* 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949); *United States v. Beaulieu,* 893 F.2d 1177, 1180 (10th Cir.), *cert. denied,* 497 U.S. 1038, 110 S.Ct. 3302, 111 L.Ed.2d 811 (1990). Habitual offender statutes such as Oklahoma's subject the defendant to increased punishment for the underlying conviction. Sentence enhancement proceedings for habitual offenders therefore differ from ordinary sentencing proceedings because they "require[ ] an additional finding of fact before the court may subject defendants to longer sentences than otherwise authorized." *United States v. Schell,* 692 F.2d 672, 676 (10th Cir.1982). Thus, while additional procedural protections apply to habitual offender proceedings, they still fall short of the "entire panoply of criminal trial procedural rights." *Id.* at 677 (citing *Gardner v. Florida,* 430 U.S. at 358 & n. 9, 97 S.Ct. at 1205 & n. 9).

Yet, we cannot conclude a stipulation to the fact of a prior valid conviction in an enhancement proceeding is the functional equivalent of a guilty plea. Nor are we prepared to hold in all cases a court receiving such a stipulation must make an independent inquiry to determine whether the stipulation is voluntarily made with full knowledge of its consequences.

Instead, we believe the fact of a former conviction used for enhancement purposes is an evidentiary fact to which a defendant can stipulate like any other fact. A defendant has the option of requiring the prosecution to establish his identity as a person previously convicted of another offense, or he may stipulate to that fact. The only reservation we have is if a stipulation is made, the court must determine whether the defendant agreed to it.

We believe harmless error analysis should govern the outcome here. First, the stipulation was accepted during a proceeding in which full procedural rights do not apply. Second, any error here differs in degree and kind from the "structural defects in the constitution of the trial mechanism, which defy analysis by 'harmless-error' standards." *Arizona v. Fulminante,* 499 U.S. 279, 309, 111 S.Ct. 1246, 1265, 113 L.Ed.2d 302 (1991).

Like the Eighth Circuit in *Cox,* we are facing a pregnant unknown in this case. The state court record is silent about whether petitioner agreed to the stipulation, and determination of that fact would be dispositive. Yet, that fact alone will not necessarily drive the results of this case. The ultimate issue is whether the state could have carried its evidentiary burden. If the prosecutor can satisfy the habeas court the state was prepared at trial to prove petitioner's prior conviction, his failure to consent to the stipulation is of no real constitutional consequence.

We therefore conclude the appropriate remedy here is to remand the case to the district court for further factual inquiry. At this proceeding, the district court may determine whether petitioner voluntarily consented to the stipulation or it may bypass that inquiry and make the ultimate determination of whether the state was prepared to carry its burden of proof without benefit of the stipulation. Upon proof of either event, any error committed by the state court in failing to determine whether the stipulation was made with petitioner's consent would be rendered harmless.

We have examined the remaining claims and agree with the district court that they are without merit. We, therefore, affirm the denial of those claims for the reasons stated in the magistrate judge's report and recommendation adopted by the district court.

**AFFIRMED IN PART, REVERSED IN PART,** and **REMANDED** for proceedings consistent with this opinion.