60 F.3d 837
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Lonnie L. HUNT, Petitioner-Appellant,
v.
R. Michael CODY, Respondent-Appellee.
 No. 94-6340.
 United States Court of Appeals, Tenth Circuit.
 July 14, 1995.
 
 1
 Before EBEL and BARRETT, Circuit Judges, and KANE,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Petitioner appeals the district court's decision denying him federal habeas relief, 28 U.S.C. 2254, from his Oklahoma conviction for armed robbery after former conviction of a felony. On appeal, petitioner asserts the following arguments: 1) he was deprived of his Sixth Amendment right to counsel when he was forced to conduct his defense pro se because of the unpreparedness of his appointed counsel and because the trial court failed adequately to advise petitioner concerning the risks of proceeding pro se; 2) the trial court improperly conducted the sentence enhancement proceedings; 3) petitioner was denied a fundamentally fair trial in light of several instances of prosecutorial misconduct and trial court error; 4) the trial court erred in denying petitioner's motion to suppress the evidence seized from his vehicle; and 5) the Oklahoma enhancement statute under which he was sentenced was unconstitutional and his sentence of five hundred years was excessive. Upon consideration of the state and federal district court records and the parties' arguments on appeal, we affirm.
 
 I. DENIAL OF RIGHT TO COUNSEL
 
 4
 Appointed counsel represented petitioner through the preliminary hearing, the suppression hearing and, at trial, during the jury selection and the State's case in chief. Immediately preceding the close of the State's case, however, petitioner requested, and the trial court allowed him, to conduct the remainder of the trial pro se.
 
 
 5
 A criminal defendant has the right to waive his Sixth Amendment right to counsel and conduct his own defense. Faretta v. California, 422 U.S. 806, 807 (1975). In assessing the validity of a waiver of counsel, this court applies a two-step analysis, considering both whether the defendant voluntarily waived his right to counsel and whether that waiver was knowing and intelligent. Sanchez v. Mondragon, 858 F.2d 1462, 1465 (10th Cir.1988), overruled on other grounds by United States v. Allen, 895 F.2d 1577, 1579-80 (10th Cir.1990).
 
 
 6
 This court reviews the voluntariness of a waiver of counsel de novo. United States v. Burson, 952 F.2d 1196, 1199 (10th Cir.1991), cert. denied, 503 U.S. 997 (1992). Petitioner argues that he was compelled to conduct his own defense because appointed counsel was unprepared. "A defendant forced to choose between incompetent or unprepared counsel and appearing pro se faces a dilemma of constitutional magnitude." United States v. Padilla, 819 F.2d 952, 955 (10th Cir.1987)(quotation omitted). "The choice to proceed pro se cannot be voluntary in the constitutional sense when such a dilemma exists." Sanchez, 858 F.2d at 1465. "The question of voluntariness therefore turns on whether defendant's objections to present counsel are such that he has a right to new counsel." Padilla, 819 F.2d at 955. It is the criminal defendant's obligation to make this showing. Burson, 952 F.2d at 1199.
 
 
 7
 Petitioner asserts that his appointed counsel, after having represented petitioner at the preliminary hearing, was unable to meet with petitioner again until the night before trial, at which time the two spoke for approximately fifteen minutes. Petitioner, in requesting a continuance, raised the issue of his counsel's inadequate preparation to the trial court following the suppression hearing and immediately prior to the start of trial. Defense counsel corroborated petitioner's claim and asserted that he had not had adequate time to prepare for trial in light of his heavy case load. The trial court denied the motion for a continuance, stating that defense counsel appeared very well prepared during the suppression hearing.
 
 
 8
 At the conclusion of the state's case, petitioner requested to proceed pro se based upon his counsel's lack of familiarity with the facts of the case. The trial court granted petitioner's request.
 
 
 9
 The record supports the trial court's determination that defense counsel was very well prepared for the suppression hearing and represented petitioner effectively throughout that proceeding. Our review of the record further establishes that defense counsel competently and effectively represented petitioner at trial up until the court granted petitioner's request to continue pro se. Defense counsel vigorously cross-examined the prosecution witnesses, made relevant legal argument, and presented an opening argument indicating his understanding of the facts of, and the law pertinent to, petitioner's case. Because petitioner, therefore, was not compelled to choose between inadequate representation by unprepared counsel and conducting his own defense, petitioner's decision to proceed pro se during the second half of his trial was voluntary.
 
 
 10
 Petitioner next argues that the trial court failed adequately to advise him of the dangers of conducting his defense pro se, as the court was required to do to insure that petitioner's waiver of counsel was knowing and intelligent. This court reviews de novo the trial court's inquiry into the knowing and intelligent nature of a waiver of counsel. United States v. Silkwood, 893 F.2d 245, 248 (10th Cir.1989), cert. denied, 496 U.S. 908 (1990). "Faretta requires a showing on the record that the defendant who elects to conduct his own defense had some sense of the magnitude of the undertaking and the hazards inherent in self-representation when he made the election." Padilla, 819 F.2d at 956. Our review of the record supports the conclusion that petitioner understood his right to counsel and the difficulties of pro se representation and, nonetheless, knowingly and intelligently waived his right to counsel. See United States v. Willie, 941 F.2d 1384, 1389 (10th Cir.1991), cert. denied, 502 U.S. 1106 (1992).
 
 II. SENTENCING
 
 11
 Petitioner asserts several challenges to the five-hundred-year sentence the jury imposed, following his conviction and the enhancement of his sentence as a formerly convicted felon. Because petitioner admitted having been previously convicted of a felony, Oklahoma law provided for a minimum sentence of ten years. Okla. Stat. Ann. tit. 21, 51.
 
 
 12
 Petitioner first asserts that this Oklahoma statute is unconstitutional because it fails to set any maximum penalty. The district court correctly determined that this claim was procedurally barred in light of petitioner's failure to raise this argument to the state court on direct appeal. The state court, in denying post-conviction relief, declined to consider the merits of this argument, in light of petitioner's delay in asserting this claim.
 
 
 13
 "In a habeas proceeding, we do not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless cause and prejudice or a fundamental miscarriage of justice is shown." Maes v. Thomas, 46 F.3d 979, 985 (10th Cir.) (citing, e.g., Coleman v. Thompson, 501 U.S. 722, 750 (1991)), cert. denied, 115 S.Ct. 1972 (1995). On appeal to this court, petitioner argues only that he did actually raise this issue on direct appeal. Liberal construction of his pro se brief filed on direct appeal, see Haines v. Kerner, 404 U.S. 519, 520 (1972), however, reveals that he challenged only the excessive nature of his sentence on direct appeal and did not assert any argument challenging the constitutionality of the statute under which the jury imposed the sentence. Accordingly, we will not consider petitioner's constitutional challenge to the state statute.
 
 
 14
 Petitioner next challenges the procedure by which the trial court conducted the jury's consideration of the enhancement of his sentence. Enhancement procedures are matters of state law, Johnson v. Cowley, 40 F.3d 341, 345 (10th Cir.1994), generally not cognizable under federal habeas proceedings. See generally Shafer v. Stratton, 906 F.2d 506, 510 (10th Cir.) (habeas challenge to sentence stated only state law question), cert. denied, 498 U.S. 961 (1990).
 
 
 15
 Oklahoma law provides for a bifurcated enhancement proceeding, with consideration given first to the defendant's guilt or innocence of the primary charge, and only after the jury returns a verdict on that charge will the jury then 1) consider the fact of the prior felony conviction, and 2) assess punishment. Okla. Stat. Ann. tit. 22, 860; see generally Johnson, 40 F.3d at 344. Where, as here, however, a defendant confesses the former conviction under oath, he waives his right to such a bifurcated proceeding. Ray v. State, 788 P.2d 1384, 1386 (Okla.Crim.App.1990). We can discern no constitutional error resulting from the procedures the trial court employed pertaining to the enhancement of petitioner's sentence.
 
 
 16
 Lastly, petitioner argues that the five-hundred-year sentence the jury imposed upon him for robbing a motel night auditor of approximately $315 at gunpoint, following only one former felony conviction, was excessive. Such a challenge to a sentence presents only state law issues not cognizable under 2254. Shafer, 906 F.2d at 510; see generally Harmelin v. Michigan, 501 U.S. 957, 961, 994-96 (1991)(upholding state's mandatory life sentence, without possibility of parole, for possession of 672 grams of cocaine).
 
 III. REMAINING ISSUES
 
 17
 Petitioner asserts several incidents of prosecutorial misconduct which, he claims, deprived him of a fair trial. Further, petitioner argues that the trial court made a number of procedural and evidentiary errors during that trial.
 
 
 18
 This court reviews allegations of prosecutorial misconduct de novo. Fero v. Kerby, 39 F.3d 1462, 1473 (10th Cir.1994), cert. denied, 115 S.Ct. 2278 (1995). "In determining whether a petitioner is entitled to federal habeas relief for prosecutorial misconduct, it must be determined whether there was a violation of the criminal defendant's federal constitutional rights which so infected the trial with unfairness as to make the resulting conviction a denial of due process." Id. Similarly, "[i]n a habeas proceeding claiming the denial of due process, we will not question the evidentiary or procedural rulings of the state court unless [the petitioner] can show that, because of the court's actions, his trial, as a whole, was rendered fundamentally unfair." Lujan v. Tansy, 2 F.3d 1031, 1034 (10th Cir.1993)(quotation omitted), cert. denied, 114 S.Ct. 1074 (1994). Upon review of the state court proceedings, we can find no error of constitutional magnitude that might have rendered petitioner's trial fundamentally unfair.
 
 
 19
 Petitioner also asserts that the trial court erred in denying his motion to suppress the evidence found in his vehicle. Because petitioner had a full and fair opportunity to present his Fourth Amendment claims to the state court, Stone v. Powell precludes consideration of these issues in federal habeas proceedings. 428 U.S. 465, 481-82 (1976).
 
 
 20
 The judgment of the United States District Court for the Western District of Oklahoma is, therefore, AFFIRMED.
 
 
 21
 The mandate shall issue forthwith.
 
 
 
 **
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470