McKAY, Circuit Judge,
dissenting:
As I see it, the issue in this case is whether the court violates a defendant’s right to trial by jury when it directs a jury that it must accept stipulated facts as proven. Apparently, the majority believes that no error occurred because the Defendant waived his right to a jury trial as to those facts which he stipulated. Because this position is contrary to clear circuit precedent, I dissent.
I believe the majority’s erroneous analysis begins with its failure to understand the nature and intent of Defendant’s stipulation. In another case in which a defendant offered to stipulate that he had a prior conviction, we explained the true nature of such a stipulation:
[Defendant’s proposed stipulation did not attempt to keep from the jury the. fact that he was a convicted felon, nor did it seek to preclude the jury from deciding the prior conviction element of the crime. Rather, the stipulation sought only to limit the prejudice that would result from the jury being informed that [Defendant] had been convicted of murder and possession with intent to distribute marijuana.
United States v. Wacker, 72 F.3d 1453, 1473 (10th Cir.1995) (emphasis added). Here, Defendant’s similar confession was made for the same purpose: he did not seek to preclude the jury from deciding an element of the crime; rather, his purpose was to limit the prejudicial effect of his prior conviction. The government’s proffer of the stipulation itself supports this conclusion:
[Prosecutor]: Your Honor, the government-has no further witnesses. However, we do have a stipulation that has been entered into between counsel and myself, and I’d ask the Court’s permission to read that into the record at this time.
Ladies and gentlemen, the following stipulation has been entered into between the government as plaintiff and Robert Lee Mason as defendant....
R., Vol. III, at 34-35. This excerpt clearly shows that the stipulation was not a plea by Defendant, and it was not an offer to the judge to decide an issue as a matter of law. Rather, the stipulation was merely an agreement between the parties (not between the parties and the court) and was presented to the jury for its consideration. The trial court instructed the jury, however, that “the parties stipulated that the first and third elements have been met” and that “the government need not offer proof as to these elements and you should consider them proven by the government.” R., Vol. III, at 70. This instruction missed the point that the stipulation was itself an offer of proof and not some form of plea to the first and third elements of the crime. As this circuit has stated before, “we cannot conclude a stipulation to the fact of a prior valid conviction ... is the functional equivalent of a guilty plea.” Johnson v. Cowley, 40 F.3d 341, 346 (10th Cir.1994). Given this analysis, I cannot concur that Defendant intended to waive his right to a jury trial on this issue.
In another case similar to this one, the parties stipulated that the alleged crime took place in Indian country. United States v. Benally, 756 F.2d 773, 778 (10th Cir.1985). The judge gave the jury the following in *475 struction: “Second: that the offense charged in the indictment took place in Indian country. This element has been stipulated to by the parties and you must accept it as being true....” Id. (emphasis omitted). We held:
The instruction that the jury must accept that the accident occurred in Indian country as true because it had been stipulated by the parties is reversible error. The jury was free to consider the stipulated testimony and the other evidence.
Id. We based this holding on the following reasoning:
“[A] stipulation as to the testimony a witness would give if called, although it may constitute evidence of the facts covered, is not an admission of the truth of such testimony and does not prevent a party from attacking it as he might attack the testimony itself, had it been given.”
Id. (quoting United States v. Spann, 515 F.2d 579, 583 (10th Cir.1975)). Certainly Benally is distinguishable in that the defendant in this case, unlike in Benally, did not present evidence which contradicted his stipulation. This difference, however, does not undermine the position I hold. Rather, it underscores the fact that a stipulation in a criminal case is not a waiver of the right to have a jury decide a particular element of a crime. As we have said before, a prior conviction is merely “an evidentiary fact to which a defendant can stipulate like any other fact.” Johnson v. Cowley, 40 F.3d 341, 346 (10th Cir.1994). In this sense, a stipulation is no different than the presentation of uncontested testimony. Even with uneontested testimony, the defendant retains the right to have the jury, rather than the court, decide every element of the crime. The Supreme Court recognized this when it stated that a judge may not “direct a verdict for the State, no matter how overwhelming the evidence.” Sullivan v. Louisiana, 508 U.S. 275, 277, 113 S.Ct. 2078, 2080, 124 L.Ed.2d 182 (1993). Thus, the court erred when it removed certain elements of the crime from the jury's consideration by instructing the jury that it must consider the stipulated evidence as proven.
Finally, I think it is necessary to point out that my conclusion in this case would not create a disincentive for prosecutors to agree to stipulations. Stipulations will still save prosecutors time and money in the presentation of their eases. Additionally, I believe juries will continue to accept stipulations as sufficient proof even if the judge does not instruct them to accept stipulated facts as proven.
Given that an error occurred but no objection was made, the issue remains whether that error was plain and whether substantial rights were affected. See United States v. Olano, 507 U.S. 725, 732, 113 S.Ct. 1770, 1776-77, 123 L.Ed.2d 508 (1993). Because of the precedent cited above, I believe the error was indeed plain. In answering the question whether substantial rights were affected, however, it will be helpful to look to the Supreme Court’s harmless error jurisprudence.[1] Although most constitutional errors are subject to harmless-error analysis, an error which constitutes a “structural defect affecting the framework within which the trial proceeds” is not subject to harmless-error analysis and automatically requires reversal. Arizona v. Fulminante, 499 U.S. 279, 308-10, 111 S.Ct. 1246, 1265, 113 L.Ed.2d 302 (1991); see also Sullivan v. Louisiana, 508 U.S. 275, 281, 113 S.Ct. 2078, 2082-83, 124 L.Ed.2d 182 (1993). In Sullivan v. Louisiana, the Supreme Court recently held that petitioner’s right to a jury trial was violated when the trial court gave an improper instruction defining “reasonable doubt.” Id. at 277-78, 113 S.Ct. at 2080-82. The Court further held that this violation of the right to a jury trial was the type of structural defect which required automatic reversal. Id. at 281, 113 S.Ct. at 2082-83. It also based its reasoning on the fact that harmless-error analysis can only take place where the jury has actually made factual findings. Because the trial court’s reasonable doubt instruction vitiated the jury’s findings, no meaningful harmless-error analysis could take place. Id. at 280-81, 113 S.Ct. at 2082-83; see also id. at 283, 113 S.Ct. at 2083-84 (Rehnquist, J., concurring). At the *476 heart of the Court’s analysis was the concern that the judge, rather than the jury, would be making the requisite findings of guilt in direct violation of the right to a jury trial. Id. at 277, 278, 280, 281, 113 S.Ct. at 2080, 2080-81, 2082, 2082-83.
Thus, the case at hand is similar to Sullivan to the extent that the jury did not make findings on two elements of the crime because the judge instructed the jury that it must consider those elements as proven. Under the Sullivan analysis, the constitutional error in this case would require automatic reversal because the judge in effect usurped the jury’s role in making the necessary findings of fact. Given the result that would occur under harmless error analysis, I conclude that Defendant’s substantial rights were affected. The constitutional error which occurred constituted a structural defect in the trial itself, an error so serious that reversal is warranted. Thus, I believe Defendant’s conviction should be reversed and his case remanded for a new trial.

. In doing so, I remain mindful of the fact that the defendant bears the burden of proof in plain-error analysis, but the government bears the burden of persuasion in harmless-error analysis. See Olano, 507 U.S. at 734, 113 S.Ct. at 1777-78.