F I L E D
United States Court of Appeals
Tenth Circuit

FEB 20 1997

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

BARBARA LYNN BELL,

Petitioner-Appellant,

v.

NEVILLE MASSIE, Warden of Mabel
Bassett Correctional Center; and
DREW EDMONDSON, Attorney
General of the State of Oklahoma,

Respondents-Appellees.

No. 96-5188
(D.C. No. 95-C-169-H)
(N.D. Okla.)

ORDER AND JUDGMENT[*]

Before PORFILIO, KELLY, and MURPHY, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

---

[*]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner-Appellant Barbara Lynn Bell appeals the district court's order dismissing her petition for a writ of habeas corpus. Because the chronology of Ms. Bell's post-trial filings demonstrates that she did not fairly present the substance of her claim to the courts of Oklahoma, we affirm.

**BACKGROUND**

Ms. Bell was convicted of second-degree murder in the district court of Tulsa County, Oklahoma, on September 30, 1993. Subsequently, she had difficulty obtaining a complete and accurate transcript for use in her direct appeal to the Oklahoma Court of Criminal Appeals. Both parties to this appeal agree that the court reporter initially produced a trial transcript that contained numerous discrepancies and omissions. Of primary significance was the omission of allegedly hostile remarks made by the trial judge, because Ms. Bell intended to argue on appeal that these remarks affected the fundamental fairness of her trial.

The court of criminal appeals granted Ms. Bell's motion to remand the matter to the district court to correct the transcript. Under the direction of a different district court judge, the transcript was amended to incorporate some of the recollections of Ms. Bell, counsel for both parties, and the court reporter. Ms. Bell maintained, however, that the only principled way to correct the transcript was through the use of audiotapes that the court reporter had allegedly made as a

backup to the stenographic record of the trial. The court reporter denied the existence of the audiotapes.

On July 21, 1994, Ms. Bell filed a motion to reverse conviction in the court of criminal appeals, arguing that the lack of a complete and accurate transcript deprived her of the right to a meaningful appeal. She asked for the case to be remanded for a new trial and, additionally, for an evidentiary hearing on factual issues surrounding the court reporter's failure to preserve the audiotapes. She claimed that, to the extent that the court reporter had intentionally destroyed the audiotapes, the prosecution would be barred from conducting a retrial.

On February 14, 1995, the court of criminal appeals denied the motion to reverse conviction, holding that the amended transcript reasonably and accurately reflected the events at trial. Concerning the alleged destruction of the audiotapes, the court observed that there is no statutory right to electronic recording of proceedings and that, if a recording of Ms. Bell's trial existed, it was only a supplement to the official stenographic method of the court reporter.

Ms. Bell filed a petition for writ of habeas corpus in federal district court on February 22, 1995. The gist of her argument was that requiring her to proceed on appeal with the existing transcript amounted to a violation of her constitutional rights. Before the district court ruled on the petition, however, the court of criminal appeals reversed Ms. Bell's conviction on the basis of an erroneous jury

instruction and remanded the case for a new trial. A new trial judge and a new prosecutor were appointed for the retrial.

In the habeas proceedings, Ms. Bell shifted the focus of her argument from prejudice on appeal to a bar to prosecution. Her theory was that a new trial could not remedy a due process violation attributable to intentional misconduct of court personnel. The district court permitted discovery into the factual circumstances surrounding the alleged destruction of the audiotapes. As the district judge observed, discovery developed in the habeas proceedings "went a long way to developing a fact record upon which one could certainly reach the conclusion that fundamental principles of justice have been violated," R. II at 286, but the record was "not sufficiently developed . . . to fully record . . . the nature and content of that conduct," id. at 274.

On July 12, 1996, the district court dismissed Ms. Bell's petition without prejudice, based on three alternative grounds. We need discuss only the second basis for the district court's ruling, that is, Ms. Bell's failure to exhaust state remedies.

**DISCUSSION**

We review the district court's factual findings under the clearly erroneous standard and its legal conclusions de novo. Matthews v. Price, 83 F.3d 328, 331 (10th Cir. 1996). In light of the district court's finding that Ms. Bell had

produced evidence of a "violation of fundamental principles of justice," we grant

a certificate of appealability. See 28 U.S.C. § 2253(c).

A person in custody pursuant to a judgment of a state court must first

exhaust the remedies available in the state courts before resorting to habeas

proceedings in federal court. See 28 U.S.C. § 2254(b)(1). The federal claim

"must be fairly presented to the state courts before it can be raised in federal

court." Johnson v. Cowley, 40 F.3d 341, 344 (10th Cir. 1994).

Our statements on exhaustion in Jones v. Hess, 681 F.2d 688, 694 (10th

Cir. 1982) are directly applicable to Ms. Bell's petition:

> A federal claim is unexhausted where it presents a materially
> different claim and stronger evidentiary case than was before the
> state court.
>
> The state courts must have had an opportunity to pass on the
> claim in light of a full record, and where the factual basis for a claim
> was not presented to the state courts, the claim is unexhausted.
> Although bits of evidence which were not before the state courts will
> not render a claim unexhausted, where a federal habeas petitioner
> presents newly discovered evidence or other evidence not before the
> state courts such as to place the case in a significantly different
> posture, the state courts must be given an opportunity to consider the
> evidence.

Id. (internal citations and quotation marks omitted).

Discovery during the habeas proceedings placed Ms. Bell's speculation and

allegations about the alleged destruction of the trial audiotapes in a significantly

different posture. We agree with the district court that Ms. Bell had not fairly

-5-

presented the merits of her claim concerning a bar to reprosecution to the Oklahoma state courts and thus had not exhausted her state remedies.

We also note that Ms. Bell's state court proceedings have led to the recusal of the original trial judge and the appointment of a new prosecutor. Accordingly, Ms. Bell has not demonstrated circumstances which would make the state corrective process ineffective and excuse the exhaustion requirement. See 28 U.S.C. § 2254(b)(1)(B).

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court

John C. Porfilio
Circuit Judge