**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 19 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

FLOYD R. TURNER,

  Petitioner-Appellant,

v.

STEVE KAISER,

  Respondent-Appellee.

No. 98-6297
(D.C. No. CIV-97-636-R)
(W.D. Okla.)

ORDER AND JUDGMENT  *

Before **BRORBY** , **EBEL** , and **LUCERO** , Circuit Judges.

  After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Floyd R. Turner appeals from an order of the district court denying his petition for habeas relief filed pursuant to 28 U.S.C. § 2254.[1] The case is currently before us for a determination on whether a certificate of appealability should issue.[2] See 28 U.S.C. § 2253(c). Concluding that Mr. Turner has not "made a substantial showing of the denial of a constitutional right,"[3] we deny a certificate of appealability and dismiss the appeal. Id. § 2253(c)(2).

In 1988, Mr. Turner was convicted by a jury of second degree burglary after former conviction of a felony and was sentenced to seventy-five years'

---

[1] This petition was previously before the court on the issue of whether it is a successive petition. We held that, as Mr. Turner's first § 2254 petition was part of the Harris v. Champion litigation, see Harris v. Champion, 15 F.3d 1538 (10th Cir. 1994) and cases cited therein at 1546, this petition was not successive. See Turner v. Kaiser, No. 97-749, slip op. at 3 (10th Cir. Oct. 24, 1997).

[2] The district court summarily entered judgment noting that Mr. Turner had not filed timely objections to the magistrate judge's recommendation. However, Mr. Turner did file a timely traverse which was not accepted for filing because it was not properly served. Two days after noting the improper service, the court entered final judgment. As Mr. Turner did file timely objections and was not given an opportunity to correct his deficiency, we conclude that, in the interest of justice, we will consider whether to issue a certificate of appealability. Cf. Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996) (while failure to object to magistrate judge's recommendation results in waiver of appellate review, we do not apply that rule when ends of justice dictate otherwise).

[3] "[T]o make a substantial showing of the denial of a federal right," Mr. Turner "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." Lozada v. Deeds, 498 U.S. 430, 432 (1991) (per curiam) (quotations omitted).

imprisonment. His direct appeal was summarily affirmed. He thereafter filed an application for state post-conviction relief which was denied.

In his petition before the district court, Mr. Turner raised eleven issues. The state conceded that Mr. Turner had exhausted his state court remedies on all issues. The state did argue that procedural bar precluded consideration of several of the issues raised. Mr. Turner has preserved four issues for appeal: (1) he was denied his constitutional right to present witnesses on his behalf, (2) he was denied due process because his juvenile convictions were used to enhance his sentence, (3) the prosecution suppressed evidence, and (4) he received ineffective assistance of counsel.

Mr. Turner's arguments that the prosecution suppressed evidence and that he was not permitted to present the testimony of two witnesses are procedurally barred. See Coleman v. Thompson, 501 U.S. 722, 750 (1991). The Oklahoma Court of Criminal Appeals refused to address these issues on Mr. Turner's post-conviction relief application because he should have raised them on direct appeal. See Johnson v. State, 823 P.2d 370, 372 (Okla. Crim. App. 1991) (noting that Oklahoma law provides that post-conviction relief is not a substitute for direct appeal). As Oklahoma regularly applies this law, we may not review these issues. See Brecheen v. Reynolds, 41 F.3d 1343, 1349 n.4 (10th Cir. 1994).

Mr. Turner argues he was denied due process because his juvenile convictions were used to enhance his sentence. Issues of enhancement are matters of state law and are not cognizable in a federal habeas proceeding. See Shafer v. Stratton, 906 F.2d 506, 510 (10th Cir. 1990); see also Johnson v. Cowley, 40 F.3d 341, 345 (10th Cir. 1994) (enhancement procedures are state law matters).

Mr. Turner contends he received ineffective assistance of counsel because counsel did not ensure the presence of his sister and nephew at trial. He also contends counsel took no interest in his case. To succeed on an ineffective assistance of counsel claim, Mr. Turner must not only establish counsel's performance was deficient but also that "the deficient performance prejudiced the defense," thus depriving him of "a trial whose result is reliable." Strickland v. Washington, 466 U.S. 668, 687 (1984).

Mr. Turner has not made this showing. Mr. Turner subpoenaed two witnesses, his sister and nephew, to testify on his behalf at trial. The witnesses, both of whom were imprisoned on sentences imposed after their convictions for the same burglary for which Mr. Turner was on trial, were not produced by the Department of Corrections.

Mr. Turner has made no showing of what his nephew's testimony would have been. Therefore, he has shown no prejudice due to the nephew's failure to

testify. Furthermore, presuming the nephew would offer the same testimony as Mr. Turner's sister, no prejudice occurred for the same reasons set forth in our discussion *infra*.

Mr. Turner submitted an affidavit from his sister in which she swore that she would have testified that defendant was not a participant in the burglary. Rather, a third man, Dale, was involved. She did not know Dale, but attested that she had picked him up hitchhiking that night. She stated that Dale forced her to participate in the burglary.

It appears that subpoenas for Mr. Turner's sister and nephew were properly served, but, nevertheless, the witnesses were not brought to trial. The record is less than clear on this point.[4]

> The right to offer the testimony of witnesses, and to compel their attendance, if necessary, is in plain terms the right to present a defense, the right to present the defendant's version of the facts as well as the prosecution's to the jury so it may decide where the truth lies. Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he has the right to present his own witnesses to establish a defense. This right is a fundamental element of due process of law.

Washington v. Texas, 388 U.S. 14, 19 (1967).

---

[4] Mr. Turner's counsel stated at sentencing that the court, prior to trial, had ruled "that it was up to the Department of Corrections to honor or disallow those subpoenas as they saw fit." Sentencing hearing at 5. No one has contested this summary of the court's position.

However, "the Constitution [only] requires that a criminal defendant be given the opportunity to present evidence that is *relevant, material and favorable* to his defense." United States v. Begay, 937 F.2d 515, 523 (10th Cir. 1991) (quotation omitted) (emphasis added); see also United States v. Valenzuela-Bernal, 458 U.S. 858, 867 (1982) (state may not arbitrarily deny defendant the ability to present testimony that is "*relevan*t and *material*, and . . . *vital* to the defense." (quotation omitted)).

Thus, it would appear that counsel's performance may have been deficient because he did not insist that the witnesses be produced. Still, we need not grant relief, if we can determine that any error that occurred was harmless. See Rose v. Clark, 478 U.S. 570, 579 (1986) (so long as "defendant had counsel and was tried by an impartial adjudicator, there is a strong presumption that any other errors that may have occurred are subject to harmless-error analysis").

Mr. Turner's ex-wife, who was visiting Mr. Turner that evening, testified that Mr. Turner's sister, nephew, and Dale came to his house before the burglary. She stated that the three were noisy and Mr. Turner asked them to leave and gave his sister the keys to his car. The ex-wife's daughter testified that at about 4:00 a.m., Mr. Turner came to her house and asked her to drive him around to look for his car. They went to the town where the burglary had occurred. She asked for money to pay for gas and, when he refused, she drove off and left him

about two and one-half miles from the site of the burglary a half hour before he was picked up by the police. Defendant also testified and gave the same story.

His sister's proferred testimony was "merely cumulative of that of other witnesses." United States v. Negrete-Gonzales, 966 F.2d 1277, 1280 (9th Cir. 1992) (granting habeas relief because the non-testifying witness was the defendant's key witness and no other witness could duplicate that testimony); see also Bennett v. Scroggy, 793 F.2d 772, 776-77 (6th Cir. 1986) (granting habeas relief because defendant was the only person to testify about his victim's reputation for violence and holding that the testimony of others about the victim's reputation for violence would have been critical to his defense of self-protection as that testimony would have bolstered his credibility).

Clearly, the jury did not accept Mr. Turner's alibi defense. While Mr. Turner might contend that the jury would have considered his sister's testimony to be more credible than that of his ex-wife and her daughter, we do not think this is likely. Mr. Turner's sister had been convicted of the crime and had a clear reason to want to keep her brother out of jail because he was facing an enhanced sentence. Even if counsel was deficient in not securing the witness' presence, it did not amount to prejudice. Mr. Turner has not show ineffective assistance of counsel.

Mr. Turner also claimed that counsel took no interest in his case. To the contrary, both the jury and the court commended trial counsel on his presentation of this case. Mr. Turner cannot meet the *Strickland* requirements for showing ineffective assistance of counsel.

Mr. Turner's application for a certificate of appealability is DENIED and this appeal is DISMISSED. The mandate shall issue forthwith.

Entered for the Court

David M. Ebel
Circuit Judge